JUDSON DICKSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A State Attorney has no authority to amend an indictment found by a grand jury, by his individual indorsement thereon. The only legal manner in which an amendment can be made is provided for in Chapter 1107, Laws 1860.

2. The allegation of the time or date of the commission of the offence is one of substance and not of form. A mistake in such allegations is not susceptible of amendment.

3. The defendant was indicted in April, 1884; the offence was charged to have been committed in December, 1884; the State Attorney endorsed upon the indictment over his signature these words : "The date upon which the State relies is the tenth day of December, A. D. 1883, and not the tenth day December, A. D. 1884." *Held,* That the amendment was void and did not change the allegation in the indictment in that respect. The time alleged is matter of substance, and it being an impossible day, the indictment was bad, and the judgment is arrested.

Writ of error to the Circuit Court for Madison county.

The " entry " spoken of in the opinion as being " at the foot of the indictment " is below the signatures of the State Attorney to the indictment. The other facts are stated in the opinion.

*F. W. Pope* for Plaintiff in Error.

*Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

In the month of April, A. D. 1884, Judson Dickson, the plaintiff in error, was indicted by the grand jury of Madison county for breaking and entering a building with intent to commit a misdemeanor. He was tried and convicted of the offence. His counsel then moved the court to arrest the judgment upon several grounds, among which is the following, viz: The indictment laid the offence December 10, 1884, and the court erred in allowing the State's Attorney to amend it to December 10, 1883.

The court overruled the motion and the counsel for the defendant excepted to the judgment and brings his writ of error.

The indictment charges that " Judson Dickson, late of said county, laborer, on the 10th day of December, A. D. 1884, with force and arms," &c. The remainder of the indictment is in good form. At the foot of the indictment appears the following entry in the record:

" The date upon which the State relies is the tenth day of December, A. D. 1883, and not the tenth day of December, A. D. 1884.        B. B. BLACKWELL,"

                 " State's Attorney."

It nowhere appears in the record that any motion was made to amend the indictment, or that any order to that

effect was made by the court. The endorsement seems to have been made by the State's Attorney without authority, and can be considered in no wise the act of the grand jury. It was not done on the application of the accused, as provided for in Chapter 1107, Laws 1860. The indictment was found in April, 1884, and charges the offence to have been committed in December, 1884, more than seven months subsequent to the action of the grand jury, an impossible date. We cannot see that the State's Attorney, of his own free will, has any authority to amend in this way an indictment duly found by a grand jury. The only authority for such a proceeding is found in chapter 1107 of the laws above cited, and that law does not cover an amendment of this character. Serpentine vs. State, 1 Howard, (Miss.,) 256; Drummond vs. State, 4 Texas, App., 150.

The motion in arrest of judgment should have been granted. The judgment is reversed and the defendant will be discharged from confinement under his conviction in this case.