WILLIE STRAUGHTER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed May 31, 1922.

1. At common law it is necessary that an indictment allege a definite date upon which the alleged crime was committed.

2. There is no statute in this State expressly changing the rule at common law requiring an indictment to state a definite date upon which the alleged crime was committed.

3. Except in those cases where the allegation and proof of the precise time are material, a different date from that alleged in an indictment before the return of the indictment and within the statute of limitations may be proved at the trial as the date upon which the alleged crime was committed.

4. An indictment charging an offense to have been committed upon an impossible date is defective.

5. There is no such date in the calendar as September 31, and an indictment charging an offense to have been committed on such date is defective and a motion in arrest of judgment upon a conviction on such indictment seasonably made should be granted.

A Writ of Error to the Circuit Court for Madison County; M. F. Horne, Judge.

Reversed.

*E. Dixie Beggs*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *Marvin c. McIntosh*, Assistant, for the State.

WEST, J.—The charge in this case is murder in the first degree. The verdict found the defendant guilty with recommendation to mercy. The court adjudged him to be guilty and sentenced him to imprisonment in the state prison for life. The indictment which was returned by a grand jury on October 11, 1916, is as follows:

"In the Circuit Court of the Third Judicial Circuit of Florida In and for Madison County, In the Name and by the Authority of the State of Florida:

"The 'Grand Jurors of the State of Florida, duly chosen, empannelled and sworn diligently to inquire and true presentment make in and for the body of the County of Madson, upon their oath present that Willie Straughter late of said County, on the 31st day of September A. D. 1916 in the County and State aforesaid, with force and arms, and with a deadly weapon, to-wit; a pistol loaded and charged with gunpowder and leaden balls and which he the said

Willie Straughter then and there had and held in his hands in and upon one James Stephens unlawfully of and from a premeditated design to affect the death of the said James Stephens did make an assault; and the said Willie Straughter did then and there unlawfully of and from a premeditated design to effect the death of the said James Stephens shoot off and discharge the leaden balls aforesaid at, toward, against, upon and into the said James Stephens, and with said leaden balls aforesaid so shot off and discharged as aforesaid the said Willie Straughter did strike, penetrate and wound the said James Stephens thereby inflicting in and upon the body of the said James Stephens unlawfully of and from a premeditated design to affect the death of the said James Stephens two mortal wounds of and from which said mortal wounds the said James Stephens did languish and languishing did afterwards, to-wit, on the 2nd day of October, A. D. 1916, in the County and State aforesaid, die;

"Contrary to the laws of the State of Florida..

Stafford Caldwell,"

"State Attorney Third Judicial Circuit of Florida."

By a motion in arrest of judgment and a motion for new trial, both of which were over ruled and the ruling in each case made the basis of an assignment of error, two questions are presented, namely: (1.) The sufficiency of the indictment and (2.) the sufficiency of the proof to sustain the verdict.

The indictment charges the offense to have been committed on the 31st day of September A. D. 1916. The contention is made that the month of September having only thirty days, "the 31st day of September" is an impossible date or amounts to a failure to allege any particular date upon which the crime was committed, rendering the indictment fatally defective.

At common law it is necessary that an indictment state definitely the date upon which an alleged crime was committed. This is the rule generally except where it has been modified by statute. Joyce on Indictments, Sec. 309; 1 Bishop's New Crim. Proc., Sec. 387. It obtains in this State. Morgan, alias Porter, v. State, 51 Fla. 76, 40 South. Rep. 826; Dickson v. State, 20 Fla. 800; Morgan v. State, 13 Fla, 671. It is equally well established that except in those cases where the allegations of the precise time is material a different date from that alleged in the indictment before the date of the return of the indictment and within the statute of limitations may be proved at the trial as the date upon which the crime was committed. Whatley v. State, 46 Fla. 145, 35 South. Rep. 80; Chandler v. State, 25 Fla. 728, 6 South. Rep. 768. In Morgan, alias Porter, v. State, *supra,* Mr. Justice Parkhill, speaking for the court, said that if it appears illogical to hold that the precise date must be alleged and that the offense may be proved to have been committed on any day prior to the return of the indictment and within the period of the statute of limitations, it is sufficient to say that it was so at common law.

This court has held that an allegation that the offense charged was committed "on or about" a given date is indefinite and uncertain and fatal upon a motion in arrest of judgment. Morgan, *alias* Porter, v. State, *supra;* Morgan v. State, *supra.*

The Chief Justice and Mr. Justice TAYLOR and Mr. Justice ELLIS, upon a theory that there is no such date in the calendar as September 31, hold that the indictment under consideration charges the offense to have been committed upon an impossible date, and as the common law rule required the allegation of the date, as well as place, of the commission of the offense to be certain, the indict-

ment is bad. The common law rule not having been changed by statute, the motion in arrest of judgment should have been sustained. See 1 Chitty's Crim. Law, 224, common law authorities cited. The writer is of the opinion that since there is no 31 day of September in the calendar, the indictment may be read, upon a motion in arrest of judgment, as charging the offense to have been committed "on the *——day of September A. D. 1916," and that the rule announced by the Supreme Court of the United States, in the case ofr Ledbetter v. United States, 170 U. S. 606, is applicable. In that case, in considering a like question, the court said: "Good pleading undoubtedly requires an allegation that the offense was committed on a particular day, month and year, but it does not necessarily follow that the omission to state a particular day, is fatal upon a motion in arrest of judgment. Neither is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense. Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient. (citing cases).

"In the case under consideration the indicement was found on the 28th day of April, 1896, and the allegation is that the crime was committed 'on the——day of April, 1896,' which must necessarily have been a day preceding the finding of the indictment. Under such circumstances, the defendant could not possibly have been misled by the allegation, particularly in view of the fact that the carrying on of a business is in the nature of a continuing offense; and while it is true that a business can be carried on only for a single day, the ordinary inference would be that it was carried on for a longer period. It would seem illogical to hold that, if the offense had been charged to have been

committed upon a particular day in April, evidence could have been given of any day within the statute of limitations, and yet to hold that the defendant could be misled by averment that the offense was committed on the————day of the month in which the indictment was found.''

This conclusion is reinforced by the allegation in the indictment that the deceased died ''on the 2nd day of October, A. D. 1916,'' and proof that the defendant shot the deceased on the ''last day of September'' and that he died on the ''second day of October,'' and that he ''was shot on Saturday night, and he died Monday before day.''

The writer is further of the opinion, and in this view Mr. Justice WHITFIELD joins him, that the indictment is not so vague and indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense; and that under the statute (Sec. 6064, Rev. Gen. Stat. of Fla.) it should, notwithstanding the imperfect allegation of the time of the offense, upon a motion in arrest of judgment, be held sufficient.

It is also contended that the date of the death of the deceased is not accurately stated. The allegation is that the deceased ''did languish and languishing did afterwards, to-wit, on the 2nd day of October, A. D. 1916, in the County and State aforesaid, die.'' This statement seems to be susceptible of no uncertainty. It is capable of no construction except that the deceased died on the 2nd day of October A. D. 1916 in the county and state aforesaid.

It is unnecessary to consider the question of the alleged insufficiency of the evidence to sustain the verdict since the judgment is reversed on other grounds.

In accordance with the holding of a majority of the court there was error in overruling the motion in arrest of judgment, for which the judgment must be reversed, but from this order of reversal the writer and Mr. Justice WHITFIELD dissent.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.