RALPH PICKERON ALIAS RALPH PICKERN, *Plaintiff in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion Filed July 15, 1927.

*W. T. Bludworth,* of DeFuniak Springs, for Plaintiff in Error:

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

STRUM, J.—Upon an indictment charging assault with intent to commit murder, the plaintiff in error, hereinafter referred to as the defendant, was convicted of assault with intent to commit murder in the second degree, and to the judgment of conviction has taken writ of error.

The assignments of error argued by defendant present two questions.

Defendant's first contention is that the trial court erred in overruling his motion in arrest of judgment, which motion was based upon the proposition that the indictment charged the commission of the offense upon an impossible date.

In the caption of the indictment appears the following language: "In the Circuit Court of the First Judicial Circuit of Florida, in and for Walton County. At the Winter Term thereof, in the year of Our Lord, one thoussand, nine hundred 'and seven.' " Then follows the body of the indictment containing the charge against the defendant, with the allegation that the offense was committed "on the 10th day of January, in the year of Our Lord, one thousand, nine hundred and twenty-seven." On the back of the indictment appears the endorsement: "Presented in open Court by the Grand Jury, this 12 day of Jan'y A. D. 1927. M. T. Fountain, Clerk, Forsyth Caro, Acting State Attorney."

The defendant contends that the foregoing circumstances demonstrate the fact that the indictment purports to have been found twenty years before the offense therein charged is alleged to have been committed.

The allegation of the time or date of the commission of an offense is one of substance and not of form. Where the date alleged is an impossible date, the indictment is bad and judgment thereon should be arrested. Dickson v. State, 20 Fla. 800; Straughter v. State, 83 Fla. 683, 92 South. Rep. 569. The rule just stated is undoubtedly applicable when the defectively alleged date involves a matter of substance. But where the defect complained of is á matter of form only, consisting of a clerical misprision found in the *caption* of the indictment, and it does not appear that such defect renders the indictment so vague, indistinct and indefinite as to mislead the accused or embarrass him in the preparation of his defense or expose him after his conviction or acquittal to substantial danger of a new prosecution for the same offense, the rule is otherwise.

Although an indictment is not susceptible of amendment as to matters of substance, many courts have held that it was proper to authorize the correction by amendment of a mere clerical error in an indictment when the matter is not one of substance, as for instance, the date of the term of court at which the indictment was found. See State v. Humphries, 33 La. Ann. 966; State v. Jones, 9 N. J. Law. Rep. 2; Sharp v. State, 6 Tex. App. 650; Murphy v. State, 35 S. W. Rep. 174. The rule is also recognized at common law, independently of statute. Dex. v. Darley, 4 East 174, 102 Eng. Reprint 796. See also the cases cited in the note to Dodge v. U. S., 7 A. L. R. 1510. In consonance with that rule, this Court has held in at least two cases that where the record proper shows that an information or indictment was filed in open court, during a term, the clerical error of misnaming in the caption of the indictment the particular term at which it was filed constitutes no ground for reversing a judgment of conviction thereon where the error does not result in rendering the indictment so vague, indistinct and indefinite as to mislead the accused and em-

barrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Williams v. State, 43 Fla. 205, 27 South. Rep. 898; Sutton v. State, 84 Fla. 98, 92 South. Rep. 808. See also Sec. 6064, Rev. Gen. Stats. 1920. See also Burroughs v. State, 17 Fla. 643.

In the indictment before us we find three dates, one of which appears to be erroneously stated. Two of the dates, namely, the date of the offense as charged in the body of the indictment, and the date of the filing of the indictment, are consistent. The indictment was filed on January 12, 1927, charging an offense to have been committed on January 10, 1927. An indictment speaks as of the date of its filing, a date which in this instance is consistent with the date upon which the offense is alleged to have been committed. Under the circumstances, we think the date stated in the caption is clearly a clerical misprision. As the defect is one of form only, and as it does not appear to us that such defect could have reasonably misled or embarrassed the accused or that it exposes him to substantial danger of a new prosecution for the same offense, the same affords no grounds for reversal, even if the point can properly be raised by motion in arrest of judgment, as to which see: Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Barineau v. State, 71 Fla. 598, 72 South. Rep. 179; Adams v. State, 32, 72 South. Rep. 473; Smith v. State, 72 Fla. 449, 75 South. Rep. 354; Sumpter v. State, 62 Fla. 98, 57 South. Rep. 202.

The remaining contention of the defendant relates to the sufficiency of the evidence to sustain the verdict. We have read the evidence with care. The bill of exceptions discloses sufficient evidence from which the jury might have legally found or inferred all the essential elements of the offense of which the defendant was found guilty. There is nothing in the record indicating that the jury was in-

fluenced by consideration other than the evidence. Under such circumstances the order of the trial court refusing to grant a new trial for insufficiency of the evidence, will not be reversed, unless, after allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided or manifest as to clearly convince the Appellate Court that such verdict is wrong and unjust. Parrish v. State, 105 South. Rep. 130. The evidence in this case does not so impress us.

Affirmed.

Ellis, C. J. and Brown, J., concur.

Whitfield, P. J., and Terrell and Buford, J. J., concur in the opinion.