256 So.2d 537 (1972)
Samuel F. SPARKS, Appellant,
v.
STATE of Florida, Appellee.
No. 70-395.
District Court of Appeal of Florida, Fourth District.
January 14, 1972.
James M. Russ, and Michael F. Cycmanick, of Law Offices of James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Attv. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Samuel F. Sparks was informed against in a three-count information for (1) sale *538 of unregistered securities, F.S. Section 517.07, F.S.A.; (2) sale of securities by an unregistered dealer, F.S. Section 517.12, F.S.A.; and (3) fraudulent sale of securities, F.S. Section 517.301, F.S.A. Each count arose out of a single transaction on May 15, 1967, in which appellant sold 10,000 shares of the authorized capital stock of Specialized Insurance Services, Inc. for $10,000. Appellant was found guilty on all counts and received a sentence on each of the three offenses, the sentences to run concurrently.
We have studied appellant's eight points on appeal and find that the only point which has merit is the one which questions the sufficiency of the evidence to support a conviction under the count charging fraudulent sale of securities. The purchaser of the stock, William M. McGuire, was the sole witness offering testimony relating to this count. After testifying that he and the appellant had been acquainted for some fifteen years, McGuire narrated a discussion which he had with appellant while both were attending a church meeting in Orlando in 1967:
At any rate, I saw Reverend Sparks come out the door of the building and I had heard that he had made some good money on an investment he had made and so I went to him and said, `Sam, I heard you made some good money on an investment you have and I have ten thousand I would like to invest a little money when I can', and he said, `The thing I am interested in now is this new company', and he named Specialized Services Insurance and said the stock was practically all gone and said, `I have some I can spare', and he did a good selling job and I decided then and there to buy this stock and I said, `Sparks, I only have $5,000.00', and he told me that the company didn't like to split up the certificate and he suggested that I get some others to come in with me. I didn't do that, but on friendly notes I borrowed another $5,000.00 and was able through those loans to make the final payment for the stock. What was said in the conversation, I can't recall in detail, but I was ready to believe that I was buying on the bottom dollar and the stock would triple in value in six months time, and on the strength of this information, I borrowed this money from friends for a period of six months."
The witness further testified that Mr. Sparks had provided him with neither a profit and loss statement nor any other financial details concerning the corporation. On cross-examination McGuire testified that his discussion with appellant resulted in the understanding that he would complete the purchase if his investigation of the company proved satisfactory. The testimony also indicates that McGuire did in fact make an investigation of the company and that it was only after completing such investigation that he purchased the stock.
The evidence here is insufficient to sustain a conviction for fraudulent sale of securities based on the misrepresentation of a material fact. Appellant's statement to Mr. McGuire was not made in connection with a material fact. On the contrary, it was an expression of opinion relating to a future event. As such it cannot be the basis of fraud. See Evans v. Gray, Fla.App. 1968, 215 So.2d 40 and the cases cited therein, and 14 Fla.Jur., Fraud & Deceit, §§ 12-15. Furthermore, the parties were dealing in an arms-length transaction and Mr. McGuire had the opportunity to and did in fact conduct an independent investigation of the corporation whose stock he proposed to purchase. Under these circumstances there is no indication of fraud and the judgment and sentence on Count III is therefore reversed.
Although Counts I and II of the information alleged violations of separate statutes and gave rise to convictions on each count, appellant should have received only one sentence because the separate offenses were a part of a single transaction. Easton v. State, Fla.App. 1971, 250 So.2d 294. We affirm the judgment of guilt on *539 Counts I and II but the sentences as to each count are severally vacated and this cause remanded for the purpose of imposing a single sentence as to these counts.
Affirmed in part and reversed in part, and remanded with instructions.
WALDEN and MAGER, JJ., concur.