273 So.2d 74 (1973)
Samuel F. SPARKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 42039.
Supreme Court of Florida.
February 7, 1973.
*75 James M. Russ and Michael F. Cycmanick. Orlando, for petitioner.
Robert L. Shevin, Atty. Gen. and Andrew I. Friedrich, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District (Sparks v. State, 256 So.2d 537), which allegedly conflicts with several prior decisions of this Court and the other District Courts of the State on the same point of law. Fla. Const., art. V, § 4, F.S.A. We have considered the cases cited for conflict and have determined that we have jurisdiction.
Petitioner, Samuel F. Sparks, was convicted on a charge of violating the State securities laws. The conviction was affirmed on appeal. Sparks challenges the validity of the direct information which charged him with selling the securities in violation of applicable law "on or about the 15th day of May, 1967." A standard form was used for the information with the words "or about" added. Sparks challenges the use of "or about," contending that the date of the commission of the crime with which he is charged is not specifically stated.
Florida Rules of Criminal Procedure, Rule 3.140(d) (3), 33 F.S.A., requires that the information state "as definitely as possible" the time of the commission of the crime. This Court has held that "at or about" is not specific enough to satisfy the common law rule requiring a definite date (Morgan v. State, 13 Fla. 671 (1869-1871) Term); Straughter v. State, 83 Fla. 683, 92 So. 569 (1922); Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); and Skipper v. State, 114 Fla. 312, 153 So. 853 (1934)), and that the allegation of the time of the offense is a matter of substance, and not of form. Dickson v. State, 20 Fla. 800 (1884); Pickeron v. State, supra, and Skipper v. State, supra. The reason for requiring a definite date is to show that the prosecution is not barred by the statute of limitations. Morgan v. State, 51 Fla. 76, 40 So. 828 (1906).
However, it is not necessary to state the exact date of the offense if that date is not known; it is acceptable to state that the commission of the crime occurred within set limits if those limits are specifically stated. Overstreet v. Whiddon, 130 Fla. 231, 177 So. 701 (1937). It is not even essential that the date proved at trial be the date stated in the indictment or information. Hunter v. State, 85 Fla. 91, 95 So. 115 (1923), and Straughter v. State, supra. While the bar against the use of "on or about" continues to be applied within the State (State v. Chapman, 240 So.2d 491 (Fla.App.3d, 1970)), the exceptions have made the ironclad bar meaningless as a protection of the accused, and CrPR, Rule 3.140(d)(3), has erased the common law requirement of a definite date.
The courts of many states have receded from the bar on the use of "on or about" on the basis of statutory construction. State v. Harp, 31 Kan. 496, 3 P. 432 (1884); Rema v. State, 52 Neb. 375, 72 N.W. 474 (1897); State v. McDonald, 16 S.D. 78, 91 N.W. 447 (1902); Brunner v. State, 154 Md. 655, 141 A. 346 (Ct.App. 1928); State v. Forler, 38 Wash.2d 39, 227 P.2d 727 (1951); People v. LaMarca, 3 N.Y.2d 452, 165 N.Y.S.2d 753, 144 N.E.2d 420 (Ct.App. 1957); and State v. McKeehan, 91 Idaho 808, 430 P.2d 886 (1967).
The courts of many other states have also receded from the old rule, without relying on statutory authority. The courts of Connecticut and Louisiana have chosen to treat the words "or about" as surplusage. Rawson v. State, 19 Conn. 292 (1848), and State v. Alford, 206 La. 100, 18 So.2d 666 (1944). Alabama found the words to be synonymous with "approximately," and therefore acceptable. Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284 (1953). Arizona and Alaska have relied upon their rules of criminal procedure to discard the common *76 law rule. State v. Martin, 2 Ariz. App. 510, 410 P.2d 132 (1966), and Selman v. State, 411 P.2d 217 (Alaska 1966).
However, the common law rule against the use of "on or about" in stating the date of the offense in an indictment or information still applies in some states in those cases where time is material to the crime charged (State v. Lee, 202 Or. 592, 276 P.2d 946 (1954); State v. McDonald, supra; and People v. LaMarca, supra), or where time goes to the essence of the crime. Bell v. State, 217 Ind. 323, 27 N.E.2d 362 (1940); State v. District Court, 125 Mont. 481, 240 P.2d 854 (1952); State v. Pickles, 46 N.J. 542, 218 A.2d 609 (1966); Brunner v. State, supra; and Rema v. State, supra.
We hold that an indictment or information alleging the commission of an offense "on or about" a stated date is not fatally vague in the absence of a showing that time is material to the crime charged or that the accused is prejudiced by the use of the phrase. Because of the availability of a motion for statement of particulars and our discovery proceedings, defendant is no longer in the position of having to prepare a defense just from the four corners of the indictment or information. The reason for the common law rule having ceased, the rule is discarded and previous holdings based upon the common law rule are overruled.
The writ of certiorari previously issued is discharged.
It is so ordered.
ROBERTS, Acting C.J., and BOYD, McCAIN and DEKLE, JJ., concur.