BERANEK, Judge.
Petitioner seeks prohibition against his continued prosecution for the offense of first degree murder. On September 21, 1983, the Broward County Grand Jury indicted James Phelan and Joan Gibby on a single offense of alleged first degree murder. Approximately six weeks later, the State announced a nol pros as to the defendant Gibby. Petitioner, James Phelan, as the remaining defendant filed a motion to dismiss asserting that the nol pros constituted an unauthorized “amendment” to the indictment. The trial court denied the motion to dismiss and petitioner seeks review by prohibition.
Petitioner cites Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977), for the principle which prohibits a prosecutor from amending an indictment. The law seems clearly established that only the Grand Jury may amend an indictment. Also see Johnson v. State, 190 So.2d 811 (Fla. 4th DCA 1966).
The petitioner’s argument is actually twofold. It is initially asserted that the nol pros constituted an amendment to the indictment which divested the trial court of jurisdiction over the remaining defendant. Alternatively, petitioner contends that the deletion of the co-defendant from the prosecution will result in unfair prejudice to the petitioner during the actual trial if and when it occurs.
*1257 We initially reject the jurisdiction argument. Although it is clear that the Grand Jury alone can amend its indictment, we do not view the deletion of one defendant as a prohibited amendment. Indeed, the question of a joint trial or separate trials for the initially indicted co-defendants was never even addressed by the trial court. Petitioner herein might have sought and obtained a severance, and separate trials certainly would not have been tantamount to an amendment of the indictment. See Rule of Criminal Procedure 3.152.
Indeed, the State could have proceeded to trial against both defendants as initially charged and simply chosen not to present evidence as to one of the defendants. We conclude that the nol pros did not divest the trial court of jurisdiction to proceed against petitioner.
The petitioner’s second argument, that the nol pros will result in actual prejudice, cannot yet be answered. We would be guessing if we attempted to predict at this point how the presence or absence of the co-defendant in the indictment will affect the eventual trial. These matters have yet to be brought to the attention of the trial court, and the present ruling regarding jurisdiction certainly is no answer to the questions which may be presented regarding actual prejudice in the eventual trial.
PROHIBITION IS HEREBY DENIED.
GLICKSTEIN and HURLEY, JJ., concur.