SHARP, Judge.
Tingley appeals from a final judgment adjudicating him guilty of four counts of sexual battery on a child under the age of eleven years.[1] His primary point on appeal which merits discussion[2] is that the trial court erred in not dismissing the indictment, when the span of time set forth in the indictment as to when the crimes allegedly took place differed from those specified by the state in its bill of particulars. We affirm, although we acknowledge there are no clear precedents in Florida’s appellate decisions.
Since these crimes for which Tingley was prosecuted were nominally “capital” ones[3] his prosecution proceeded after a grand jury returned an indictment against him on October 8, 1984. Earlier an information was filed against him charging him with two counts of sexual battery which was nolle prossed. The indictment claimed four sexual batteries were accomplished by appellant against two different young girls, between April 1, 1982 and September 30,
1982.
In response to the defense counsel’s repeated motions for a bill of particulars, the state at first claimed the crimes took place on or between June 1, 1983 and August 1983. In a later amendment following defense counsel’s motion to dismiss the indictment for vagueness, the state claimed the crimes took place between April 1, 1982 and September 20, 1982, the same time span as set forth in the indictment. However, this was again amended to between September 1, 1981 and September 20, 1982, expanding the time backward six months from the indictment dates. And in a final amendment to the bill of particulars, after being ordered by the trial court to be more specific, the state claimed the crimes took place between September 1, 1981 and March 1, 1982, the six-month span previous to the time span alleged in the indictment.
At trial, the state established that the children were originally unclear as to when Tingley sexually battered them, because of their youth and the three-year lapse of time between the commission of the crimes and the childrens’ eventual complaints resulting in the defendant’s prosecution. They testified the acts had all taken place while one of them was in the third grade. The girls were sufficiently young not to be able to be more specific, and they admitted errors to previous dates given to the prosecution. The proofs at trial established that the sexual batteries occurred in October, November and December of 1981.
Tingley argues that the state’s final amendment of its bill of particulars which specified the time span the criminal acts occurred as being six months prior to the time span set out in the indictment, constituted an impermissible amendment of the indictment, which made it void. Therefore, the trial court should have granted his motion to dismiss. He does not argue that the amendment occurred too close in time to the trial to prevent him from being able to effectively present a defense, or that it delayed, or hampered his defense at trial.
There is apparently no mechanism in Florida by rule or statute by which an *1183 indictment returned by a grand jury can be amended.[4] If there is an error of substance in an indictment, the only remedy is apparently to convene a new grand jury and issue a new indictment.[5] However, clerical errors in an indictment, such as the date or case number on the caption may be corrected by the court.[6]
We do not think in this case that the state’s amendments to its bill of particulars “amended” the indictment. It is well established that a bill of particulars is not a part of the accusatory or charging document. It can neither supply an essential element, nor cure a fatal defect in an indictment or information.[7] Its function is to provide the defendant with needed specificity to be able to mount an effective defense, and avoid the hazards of a subsequent prosecution for the same offense, and to require the state to restrict its proofs at trial to conform to that alleged in the bill of particulars.[8]
Tingley argues that the time when a crime was committed must be specifically alleged in a charging document, and that it is therefore a material and substantive element of a crime. An indictment which sets forth an impossible date or one subsequent to the return date, makes the indictment void and subject to dismissal.[9] However, the dates alleged in this case both in the indictment and in the bill of particulars were possible, and were all prior in time to the return date of the indictment.
The better-reasoned rule appears to us to be that unless time is a specific element of a certain crime, it is not a substantive, essential part of the indictment.[10] A conviction may be obtained for a crime even though there is a variance between the dates proved at trial and those alleged in the indictment, so long as the indictment and proofs show the crime was committed before the return date of the indictment and within any applicable statute of limitations time period.[11] That unquestionably was the case in this proceeding.
AFFIRMED.
UPCHURCH, C.J., concurs.
DAUKSCH, J., dissents with opinion.

. § 794.011(2), Fla.Stat. (1983).

. We have considered and find no merit in Tingley’s other arguments in this appeal relating to the vagueness of the indictment, changing the numbers on the caption of the indictment as an unauthorized amendment, cross-examination of the defendant, and admission on rebuttal of evidence of a prior unrelated sexual battery.

.§ 794.011(2), Fla.Stat. (1983). However, recent case law has determined that prosecution for this offense need not be by indictment. State v. Wells, 466 So.2d 291 (Fla. 2d DCA 1985).

. Justice England, concurring op.; State v. Black, 385 So.2d 1372, 1375 (Fla.1980); 15 Fla. Jur.2d Criminal Law § 654 (1979).

. Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977).

. Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927).

. State v. Black, 385 So.2d 1372 (Fla.1980); see also Tucker v. State, 459 So.2d 306 (Fla.1984) (failure to allege venue in indictment is an error of form, not of substance, and will not render it void).

. State v. Beamon, 298 So.2d 376 (Fla.1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); Smith v. State, 93 Fla. 238, 112 So. 70 (1927); 15 Fla.Jur.2d Criminal Law § 649 (1979).

. Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); Dickson v. State, 20 Fla. 800 (1884); 15 Fla.Jur.2d Criminal Law § 633 (1979).

. State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (Fla.1977).

. 3 Wharton’s Criminal Procedure, § 273 (12th ed. 1975); Hunter v. State, 85 Fla. 91, 95 So. 115 (1923); cf. State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); Straughter v. State, 83 Fla. 683, 92 So. 569, 570 (1922).