DAUKSCH, Judge,
dissenting:
I respectfully dissent.
The state obtained a conviction for crimes which were not alleged in the indictment, i.e. convictions for sexual batteries on dates other than the dates alleged in the indictment. There is no authority for a state attorney to amend an indictment in such a manner as to go outside the crimes charged in the indictment. Only a grand jury has the authority to alter an indictment. Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); Dickson v. State, 20 Fla. 800 (1884); Phelan v. State, 448 So.2d 1256 (Fla. 4th DCA 1981); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977). A statement of particulars restricts the state to proof of particular times, or within *1184 particular time periods. State v. Beamon, 298 So.2d 376 (Fla.1974). It is not a vehicle by which the state can change the times alleged in the indictment. I would reverse the affected convictions.