549 So.2d 649 (1989)
Raymond Harold TINGLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 69651.
Supreme Court of Florida.
September 14, 1989.
Rehearing Denied October 26, 1989.
James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition to review Tingley v. State, 495 So.2d 1181 (Fla. 5th DCA 1986), in which the district court held that the state, by a bill of particulars, could change the time period in which an alleged sexual battery occurred to a period prior to the time stated in the indictment. We find conflict with Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); Dickson v. State, 20 Fla. 800 (1884); Phelan v. State, 448 So.2d 1256 (Fla. 4th DCA 1984); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); and Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977). We have jurisdiction. Art V, § 3(b)(3), Fla. Const. For the reasons expressed below, we approve the district court's decision. We hold that time is not a substantive part of a charging document and that our present discovery rules eliminate the need for the specificity required by prior case law.
The relevant facts reflect that a grand jury indicted Raymond Harold Tingley on four counts of sexual battery of a minor, contrary to the provisions of section 794.011(2), Florida Statutes (1983). The indictment charged Tingley with four sexual batteries against two different young girls, and it set forth that the incidents occurred between April 1, 1982, and September 30, 1982. In response to a defense motion for a bill of particulars, the state filed the following responses: (1) the offenses occurred between June 1, 1983, and August 1, 1983; (2) the crimes occurred between April 1, 1982, and September 20, 1982; (3) the crimes occurred between September 1, 1981, and September 20, 1982; and (4) the crimes occurred between September 1, 1981, and March 1, 1982. The final time period was in response to a later defense motion for a bill of particulars.
At trial, the evidence established that the children were originally unclear as to when the incidents occurred, primarily due to their youth and a three-year time lapse between the occurrence of the crimes and the children's complaints. Trial testimony eventually placed the crimes as occurring in October, November, and December of 1981, within the time frame of the last *650 amendment to the bill of particulars. Tingley was found guilty and sentenced to concurrent life prison terms with a minimum of twenty-five years without parole.
On appeal, the Fifth District Court of Appeal affirmed, rejecting Tingley's contention that the last bill of particulars was an impermissible amendment which voided the indictment. The district court emphasized that Tingley "does not argue that the amendment occurred too close in time to the trial to prevent him from being able to effectively present a defense, or that it delayed, or hampered his defense at trial." 495 So.2d at 1182. The district court addressed the argument that time must be specifically alleged in an indictment and the question of whether time was a substantive element of this offense, concluding:
The better-reasoned rule appears to us to be that unless time is a specific element of a certain crime, it is not a substantive, essential part of the indictment. A conviction may be obtained for a crime even though there is a variance between the dates proved at trial and those alleged in the indictment, so long as the indictment and proofs show the crime was committed before the return date of the indictment and within any applicable statute of limitations time period.
Tingley, 495 So.2d at 1183 (footnotes omitted) (citing 3 Wharton's Criminal Procedure § 273 (12th ed. 1975); Hunter v. State, 85 Fla. 91, 95 So. 115 (1923); cf. State v. Beamon, 298 So.2d 376 (Fla. 1974), cert. denied, 419 U.S. 1124, 95 S.Ct. 809, 42 L.Ed.2d 824 (1975); Straughter v. State, 83 Fla. 683, 92 So. 569 (1922)). We agree with the district court's decision. Although time is an important part of a charging document, it is not a substantive element of this offense. It is extremely important to note that, under our present rules, Tingley was afforded a full range of discovery, and thus was neither surprised nor hampered in his defense.
A number of jurisdictions hold that time, although it is an important part of an indictment for sexual battery offenses, is not generally considered a substantive part of the charging document. See State v. Palmer, 306 S.W.2d 441 (Mo. 1957); Martinez v. State, 77 Nev. 184, 360 P.2d 836 (1961); State v. Sysinger, 25 S.D. 110, 125 N.W. 879 (1910); Faulkner v. State, 390 S.W.2d 754 (Tex. Crim. App. 1965); Lear v. Commonwealth, 195 Va. 187, 77 S.E.2d 424 (1953). Consequently, such a change does not require grand jury action. People v. Crosby, 58 Cal.2d 713, 375 P.2d 839, 25 Cal. Rptr. 847 (1962); State v. Blendt, 49 Del. 528, 120 A.2d 321 (Super.Ct. 1956); State v. Mottram, 155 Me. 394, 156 A.2d 383 (1959); Saucier v. State, 95 Miss. 226, 48 So. 840 (1909). Under this rule, as long as a defendant is neither surprised nor hampered in preparing his defense, there can be a variance between the dates proved at trial and those alleged in an indictment or information. Pursuant to this rule, it must be shown that the crime was committed before the return date of the indictment or information and within the applicable statute of limitations. People v. McGowan, 415 Ill. 375, 114 N.E.2d 407 (1953); State v. Thomas, 177 Kan. 230, 277 P.2d 577 (1954); State v. Hollis, 273 P.2d 459 (Okla. Crim. App. 1954). We have previously adopted this rule by implication. See Sparks v. State, 273 So.2d 74 (Fla. 1973); Hunter v. State, 85 Fla. 91, 95 So. 115 (1923). Further, we have held that the exact date of the offense need not be alleged. See Lightbourne v. State, 438 So.2d 380 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Sparks v. State, 273 So.2d 74 (Fla. 1973); Hunter v. State, 85 Fla. 91, 95 So. 115 (1923); see also State v. Belton, 468 So.2d 495 (Fla. 5th DCA 1985); State v. Bandi, 338 So.2d 75 (Fla. 4th DCA 1976), cert. denied, 344 So.2d 323 (Fla. 1977).
The common law principle expressed in Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927), and Dickson v. State, 20 Fla. 800 (1884), that times and dates within an indictment or information could not be modified by amendment, was adopted to assure fair notice of the charges under an indictment or information at a time when there was no discovery. Times have changed. As this Court explained in Sparks v. State, 273 So.2d 74 (Fla. 1973), our discovery rules have eliminated the necessity for a number *651 of prior common law rules developed to assure a fair trial when no discovery existed. The fact that Tingley claims neither that he was surprised nor that he was hampered in preparing his defense demonstrates our discovery rules' effectiveness. Defense counsel took thorough depositions of the victims prior to trial. Tingley merely seeks the benefit of the old rules when the rationale for their existence has been eliminated. As this Court explained in State v. Waters, 436 So.2d 66, 69 (Fla. 1983):
The early cases establishing the requirement of detailed specificity in indictments and informations were decided long before this Court adopted broad reciprocal discovery procedures. Our present discovery rules provide defendants with a much better means for avoiding surprise or embarrassment in the preparation of a defense than just the terms utilized in a charging document. Further, trial courts have the authority to remedy a lack of definiteness by granting a defendant's motion for a statement of particulars.
In summary, we conclude that time is not ordinarily a substantive part of an indictment or information and there may be a variance between the dates proved at trial and those alleged in the indictment or information as long as: (1) the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing his defense.
We approve the decision of the district court of appeal in the instant case.
It is so ordered.
EHRLICH, C.J., and McDONALD and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which SHAW and BARKETT, JJ., concur.
KOGAN, Justice, dissenting.
I respectfully dissent.
The issue presented concerns the nature of the charging document used in this case, an indictment by a grand jury. At the conclusion of its proceedings, the grand jury decides whether there is sufficient evidence to justify charging an individual with a particular crime. In a situation in which a series of similar crimes are committed against a victim by the same defendant over a period of time, as in this case, the grand jury could conclude that the evidence is not sufficient to sustain an indictment for a particular crime, on a particular date, but finds sufficient evidence exists to charge the defendant with committing another crime on another date. In other words, the grand jury may well have considered evidence that one or more of these offenses took place at a time outside the dates alleged in the indictment, but concluded that the evidence was insufficient to support an indictment for those crimes. However, the grand jury may determine that other similar crimes occurred during the dates alleged in the indictment and thus charges the defendant accordingly. When the state changes the dates in the indictment by a statement of particulars it may be charging the defendant with a crime that the grand jury has found was not indictable because of insufficient evidence, thus thwarting the intent of the grand jury.
The state receives the indictment from the grand jury and is limited by the findings made by the grand jury. The prosecution does not have the authority to amend an indictment. If a defendant is charged by information, which is prepared by the state attorney's office, the state may freely amend that information. However, the grand jury is a separate, independent entity, not an arm of the state attorney's office. Only the grand jury can amend its indictment or issue a superceding indictment.
In this case, by amending the indictment with a statement of particulars the state has exceeded its powers. The dates alleged in the statement of particulars, outside the scope of the indictment, may refer to acts that the grand jury found were not indictable because of a lack of evidence. The state's use of the statement of particulars to amend the indictment thwarts the will of the grand jury.
*652 The majority argues that our present reciprocal discovery rules eliminate the danger of surprise or embarrassment to the defendant resulting from the state's departure from the facts stated in the grand jury indictment. Although these discovery rules provide a means of clarifying any confusion within the charging document, they do not give the state attorney's office the power to invade that which is within the province of the grand jury. If the state believes that the indictment is incorrect, it may ask the grand jury to issue a superceding indictment. In essence, when the charging document is an indictment, only the grand jury has the power to amend the document, regardless of the discovery provisions available to the defense or the state.
Dissenting from the majority opinion in the district court, Judge Dauksch correctly concluded:
The state obtained a conviction for crimes which were not alleged in the indictment, i.e. convictions for sexual batteries on dates other than the dates alleged in the indictment. There is no authority for a state attorney to amend an indictment in such a manner as to go outside the crimes charged in the indictment. Only a grand jury has the authority to alter an indictment. Pickeron v. State, 94 Fla. 268, 113 So. 707 (1927); Dickson v. State, 20 Fla. 800 (1884); Phelan v. State, 448 So.2d 1256 (Fla. 4th DCA 1984); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977).
Tingley, 495 So.2d at 1183 (Dauksch, J., dissenting). As Judge Dauksch further points out, a statement of particulars is not a vehicle by which the state can change the times alleged in the indictment.
Accordingly, I would quash the decision of the Fifth District Court of Appeal.
SHAW and BARKETT, JJ., concur.