GUNTHER, Judge.
The petitioner, defendant below, seeks a writ of prohibition as a result of the trial court’s denial of his motion to dismiss Counts II and III of a four-count indictment. We grant the petition.
We agree with the petitioner’s assertion that the trial court erred in denying his motion to dismiss. Below, the state failed to meet its burden of showing that the statutory periods for prosecuting Counts II and III, which facially appear to have run, were tolled. This calls into question the jurisdiction of the trial court. See Akers v. State, 370 So.2d 81 (Fla. 1st DCA 1979).
So far as the appendix that is before us shows, no evidentiary hearing was held to determine whether the limitation period was in fact tolled, making the indictment timely, nor has the state sought to amend the indictment. We note that the state may amend an information to allege such facts, Akers, 370 So.2d at 83, but the substantive content of an indictment can be corrected only by the grand jury. See Picker on v. State, 94 Fla. 268, 113 So. 707 (1927), modified in part, Tingley v. State, 549 So.2d 649 (Fla.1989); Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); Russell v. State, 349 So.2d 1224 (Fla. 2d DCA 1977). In our view, this principle is indirectly reinforced in the recent opinion in Tingley, wherein it is stated that time is not ordinarily a substantive part of an indictment or information, and that there may be a variance between the alleged time of the offense and the time proved at trial as long as the crime did occur prior to the return date of the indictment, “the crime was committed within the applicable statute of limitations,” and the defendant has not been surprised or hampered in his defense. Tingley, 549 So.2d at 650.
The objectionable aspect of the indictment before us is not incurable. See section 775.15(5) Fla.Stat. (1983). We do not, however, have that issue before us.
Petitioner raises other issues; however we choose not to treat them in this proceeding.
Accordingly, we grant the petitions for writ of prohibition and quash the order in question.
PETITION GRANTED.
STONE and GARRETT, JJ., concur.