569 So.2d 1332 (1990)
Richard Bernard OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2795.
District Court of Appeal of Florida, First District.
November 9, 1990.
*1333 Barbara M. Linthicum, Public Defender, Nancy L. Showalter, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant seeks reversal of his conviction for uttering and seeks a new trial, claiming as reversible error the trial court's denial of his motion to sever the defendants listed on the charging document, the denial of his motion for a mistrial, and the denial of his request to proffer the codefendant who testified outside the appellant's presence. We agree that the trial court abused its discretion in denying severance and reverse.
Two checks reported stolen from a Jacksonville business were presented for payment at a Winn Dixie grocery store. The Winn Dixie store manager recognized the checks as "hot," and contacted the police. One check was presented by a female; a male companion presented the second. Two other persons, a male and a female, were in the presenters' company. The manager testified that while waiting for the police, he asked for identification, whereupon the appellant showed him a military identification card. The manager testified he did not believe appellant was the person in the I.D. photo. The manager then asked for a driver's license, which one of the women produced. The police eventually arrived and placed both men and one woman under arrest. The fourth member of the group eluded capture.
The initial information charged appellant with one count of uttering, with no other defendants or charges. By a separate information, Nancy Evans, one of the four, was also charged with one count of uttering. The state later moved, under rule 3.151(b), Florida Rules of Criminal Procedure, to join the two defendants for the purpose of trial, as the charges were based on the same acts. When this motion was presented for hearing on the day trial was to begin, both appellant and Evans objected to the motion, which was denied by the trial court. Later on the same day, the state queried the trial court as to whether it would approve the amending of the informations so as to consolidate the two cases. The trial court indicated it thought such consolidation would be untimely. Nevertheless, the state orally moved to consolidate. The appellant objected arguing that rule 3.151 was not intended to provide for consolidation of defendants, but for consolidation of offenses alleged to have been committed by a single defendant. The state responded that comment (b) to rule 3.151 states that the prosecution may avoid the necessity of consolidation by charging multiple defendants on a single information when consolidation is permissible. Before a ruling was made on the motion, the state filed an amended information listing both appellant and Evans on the same charging instrument and withdrew its motion to consolidate. Appellant moved for a severance, which the trial court denied. The case then proceeded to trial on the following day, resulting in appellant's conviction.
On appeal, appellant argues the state should not have been allowed to, in effect, circumvent rule 3.151, Florida Rules of Criminal Procedure, as it did. Rule 3.151(b) provides that two or more informations may be consolidated upon timely motion. Appellant maintains that the state withdrew the motion to consolidate knowing it was untimely, and therefore was going to be denied, and instead filed an amended information. By denying appellant's motion for severance, the trial court allowed the state to circumvent the rule regarding timely consolidation.
Appellant argues further that the denial of severance was erroneous under Brown v. State, 424 So.2d 950 (Fla. 1st DCA 1983). In Brown, this court held that a motion to consolidate was untimely and prejudicial when filed on the same day proceedings were to begin. Appellant points to language in Brown indicating that when the period between consolidation of informations and the commencement of trial is so short that a defendant is denied a reasonable time to prepare a defense for a joint trial, prejudice is assumed.
The state argues that appellant has not shown the likelihood that he was denied a *1334 fair trial, and that Brown v. State, supra, is distinguishable by the fact that consolidation in Brown did result in denying the defendant sufficient time to prepare. That is not the case in this appeal, argues the state, as evidenced by the fact that appellant did not request a continuance after the amended information was filed.
We are not persuaded by the state's argument that no prejudice inured to the appellant because a continuance was not requested. A defendant should not be compelled to suffer delay of his trial in order to avail himself of the right to due process. We do not agree that the appellant's failure to seek a continuance on the scheduled trial date deprives appellant of the right to assert error in the trial court's ruling. The trial court had already denied two earlier continuance requests made by appellant.[1] Having prepared for trial on the information as initially filed, appellant was under no obligation to forego his right to trial in order to accommodate the state's circumvention of the Rules of Criminal Procedure.
We agree with appellant that the trial court should have granted a severance. The trial judge had already indicated that he believed consolidation of the cases against the two defendants under rule 3.151 would be untimely. Obviously, the rule is rendered a nullity if the state may be permitted to simply file an amended information, combining charges against the defendants, and thereby accomplishing the same effect. Assuming, without deciding, that the state could properly have elected to try the appellant and Evans together, this trial tactic should have been accomplished before the day appellant's trial was scheduled to begin.
We find the rationale of Brown applicable to this case. As already noted, the Brown court held that consolidation of defendants under rule 3.151(b) two days before trial commenced was untimely and "patent[ly]" prejudicial. 424 So.2d at 954. "The constitutional right to be represented by counsel necessarily carries with it the right to have a reasonable time in which to prepare for trial." Id. at 954. Here, as in Brown, the appellant was clearly denied his due process right to have a reasonable opportunity to prepare for a trial. See, Harley v. State, 407 So.2d 382 (Fla. 1st DCA 1981).
A portion of committee note to rule 3.151(b) provides that "the prosecution may avoid the necessity for consolidation by charging offenses and defendants in a single indictment or information where consolidation is permissible." We reject the notion, advanced by the state, that this language authorizes the course of conduct employed by the state in this case. Rather, the note simply states the rule that the state has the authority in the first instance to include multiple defendants and offenses in one indictment or information without first seeking permission from the circuit court. We observe, among other things, that the note refers to joining multiple defendants in an indictment as well as in an information. The state cannot amend an indictment without resubmission to a grand jury, unless the correction involves a clerical matter. See, Tingley v. State, 495 So.2d 1181 (Fla. 5th DCA 1986), aff'd, 549 So.2d 649 (Fla. 1989) and Phelan v. State, 448 So.2d 1256 (Fla. 4th DCA 1984). From the reference to both indictments and informations, it is clear that the comment was not intended to suggest that an untimely motion for consolidation can be effectuated by simply amending an information on the eve of trial.
Because we find it necessary to order a new trial, we find it unnecessary to consider the remaining issues.
REVERSED and REMANDED.
ZEHMER and MINER, JJ., concur.
NOTES
[1] After the state withdrew its motion for consolidation of appellant's and Evans' cases, appellant requested a continuance of his trial until after the trial of Evans in order to have her testimony available at his trial. The court denied this request. When called to testify in the joint trial, Evans was interrogated outside the presence of the jury, at which time she invoked her Fifth Amendment privilege against self-incrimination.