PER CURIAM.
This cause is before us on appeal from judgments and sentences following jury trial. Appellants contend, inter alia, that the trial court erred in denying a motion to sever their trials when a motion to consolidate was filed and granted on the date of trial.[1]
On August 22, 1990, appellant Williams was charged by information with armed robbery, grand theft, possession of a firearm by a convicted felon, and aggravated assault. Appellant Copeland was charged by information with armed robbery, grand theft, and possession of a firearm by a convicted felon.
On December 3, 1990, the day the jury was selected, the State filed motions to consolidate appellants’ trials. The trial court granted, over objection, the motions. Thereafter, appellant Copeland filed a motion for severance pursuant to Florida Rule of Criminal Procedure 3.152, which was denied. A renewed motion, filed December 4, 1990, joined in by appellant Williams, was denied. On December 5,1990, the jury found appellants guilty of one count each of armed robbery and theft.
In Brown v. State, 424 So.2d 950, 954 (Fla. 1st DCA 1983), this court held:
When the period between consolidation and trial is so short that the defendant is denied a reasonable opportunity to prepare a defense for a joint trial, such a defendant has clearly been prejudiced by the denial of substantial procedural rights. In this case, it seems patent that the two-day period between consolidation and trial prejudiced appellants by denying them their due process rights to have a reasonable opportunity to prepare for trial.
The instant motion for consolidation was filed on the date of trial. Therefore, appellants were denied a reasonable opportunity to prepare a defense for a joint trial. Under such circumstances, prejudice is assumed. Oliver v. State, 569 So.2d 1332 (Fla. 1st DCA 1990).
Accordingly, we reverse the appellants’ judgment and sentences and remand for new trials.
BOOTH, BARFIELD and ALLEN, JJ., concur.

. Due to our resolution of this issue, we decline to reach appellants’ other contentions.