636 So.2d 842 (1994)
Marquenton HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2513.
District Court of Appeal of Florida, Fifth District.
May 6, 1994.
James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
The original three count information charged Marquenton Huffman in Count I with burglary of the "St. Theresa Catholic Church located at 11528 S.E. Hwy. 301, Belleview, Florida ..." and in Count II of the "St. Theresa Catholic Church Thrift Shop located at 11935 S.E. Hwy. 301 Belleview, Florida... ." Count III charged him with theft of several described items of personal property. He contends that the trial court erred by allowing the state to amend its information after the jury was sworn and the original information was read to the jury. He claims that the amendment was a substantive change because it was not alleged in the information that two separate structures were involved and that a more extensive list of personal property was described in the original information.
The amendments to the information simply added the words "Parish Hall" to the "St. Theresa Catholic Church" in Count I[1] and deleted a few items of personal property in Count III. It was clear from the separate addresses in Counts I and II of both informations that two structures were burglarized. Additionally, Huffman was apprehended in the parish hall with a duffle bag containing items from the thrift shop and admitted to the police that he had entered the parish hall looking for food. While Huffman objected to the amendments, he was not able to offer any explanation as to how he would be prejudiced by them. Assuming without deciding that the amendment was substantive, the court did not err in allowing the amendment because, "the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." State v. Anderson, 537 So.2d 1373, 1375 (Fla. 1989); see also, Lackos v. State, 339 So.2d 217 (Fla. 1976).
We find no merit in Huffman's second point on appeal.
*843 The judgment and sentence are affirmed.
AFFIRMED.
HARRIS, C.J., and DIAMANTIS, J., concur.
NOTES
[1] Huffman's brief mistakenly asserts that the amendment was to add the words "Thrift Shop" to Count I. Those words were consistently used in both informations.