669 So.2d 356 (1996)
Barry SANDERS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-779.
District Court of Appeal of Florida, Fifth District.
March 15, 1996.
*357 James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Barbara Arlene Fink and Lori E. Nelson, Assistants Attorney General, Daytona Beach, for Appellee.
PETERSON, Chief Judge.
Barry Sander's only argument in this appeal is that his conviction for burglary cannot stand because the trial court permitted the state, at the end of its case in chief, to amend its information to allege that the crime took place at either 7427 or 7527 Pine Island Road, Clermont, Florida, rather than at 7427 Pine Island Road, Clermont, as originally alleged. During trial the victim testified she lived at 7527 while her daughter thought her mother's address was 7427.
Rule 3.140(o), Florida Rules of Criminal Procedure, provides as follows:
(o) Defects and Variances.No indictment or information, or no count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
The main concern of this rule of criminal procedure is the problem of an indictment that is "so vague and indistinct and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense." We are unable to fathom that appellant would have prepared his defense any differently had the state not had the conflict involving the address of the victim's residence. The daughter of the victim testified that she was in the victim's house when she witnessed Sanders' accomplice in the home. The victim herself testified that she had not given Sanders permission to be on her property. The fact that there was some confusion over the correct address does not diminish the fact that the residence that was found to be burglarized by Sanders was the home of the victim, whether that home was located at 7427 or 7527 Pine Island Road.
The trial court did not err in allowing the state to amend its information. Previously in Huffman v. State, 636 So.2d 842 (Fla. 5th DCA 1994), we deferred to our supreme court's holding in State v. Anderson, 537 So.2d 1373 (Fla.1989). There, the supreme court held, "the state may substantively amend information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." Id. at 1375. Similarly, in the instant appeal, we find there is no showing of prejudice to the substantial rights of Barry Sanders. The judgment and sentences are affirmed.
AFFIRMED.
COBB and THOMPSON, JJ., concur.