PADOVANO, J.
Cory Davis, the defendant, appeals his conviction for robbery with a deadly weapon. He contends that the trial court erred in allowing the case to go forward on an amended information filed on the morning of trial. Because we find that the untimely filing of the amended information was prejudicial, we reverse for a new trial.
The original information alleged in Count One that the defendant had robbed Yolanda Williams with a deadly weapon on *87 July 25, 1997, and in Count Two that he had resisted Deputy Sheriff R.P. Crews of the Jacksonville Sheriffs Office, without violence, while the deputy was attempting to arrest him. Later in the course of the proceeding, these counts were severed.
In response to a request by the defense, the State filed a statement of particulars indicating that the “commission of the crime charged in the information” was “[o]n or between July 25,1997 and October 6, 1997” in “the vicinity of Jacksonville.”[1] As a part of the same pleading, the state made a formal demand for notice of the defendant’s intention to claim alibi as a defense. The demand requests notice of the defendant’s intention to assert the defense of alibi as to the time period defined in the statement of particulars.
The facts disclosed to the defendant in discovery revealed that the robbery had occurred on July 25, 1997. That was the date of the offense according to the police report provided to defense counsel in discovery, and it was the date given by the victim, Yolanda Williams, in her deposition. The defendant did not submit a notice of intention to rely on the alibi for July 25, 1997, or any subsequent date within the time period identified in the statement of particulars.
On the day the trial was scheduled to begin, the parties appeared in court and selected a jury. Before the jurors were sworn, the state filed an amended information alleging that the robbery had occurred on July 23, 1997. The defendant then objected to going forward with the trial on the ground that he had not been given an opportunity to prepare a defense to the charge made in the amended information. Specifically, defense counsel advised the court that he wished to investigate and prepare a defense of alibi to the new accusation that he had committed the robbery on July 23,1997.
After a brief hearing, the trial court ruled that a trial on the amended information would not prejudice the rights of the defendant. The trial court reasoned that the defense of alibi was not available to the defendant, in any event, because he had not submitted a notice of intention to rely on the defense of alibi within ten days of the trial. At the conclusion of the trial, the defendant was found guilty as charged of robbery with a deadly weapon and sentenced to ten years in the Department of Corrections. He filed a timely appeal to this court to review his conviction.
We conclude that the defendant should not have been required to stand trial on the amended information without additional time to prepare. The amended information changed the date of the alleged offense, which was significant in this case because the defendant denied that he committed the offense and stated that he wished to investigate and prepare an alibi defense. The defendant had prepared for trial thinking that he was accused of a robbery on July 25, 1997, only to find out that he would stand trial for an offense committed on a different date.
It is true, as the state contends, that the date of crime is not a substantive part of the information, but that principle of law applies in a different context. In Tingley v. State, 549 So.2d 649 (Fla.1989), the court held that the state could file a statement of particulars amending a grand jury indictment because the amendment changed only the alleged date of the crime. The issue in Tingley was whether the state had the authority to amend a grand jury indictment under any circumstance, not whether the proposed amendment was timely. The court was careful to point out that its decision would not allow the state to make *88 an untimely amendment to the charging document if that would result in surprise or prejudice to the defendant. Id. at 651.
While the date is not a substantive part of the charging document for the purpose of authorizing an amendment, that does not mean that an untimely amendment changing the date is necessarily harmless. Whether an untimely change in the date will cause prejudice to the defendant depends on the case and the nature of the defense. A defendant who admits the act but asserts an affirmative defense might be hard pressed to show that an error in the date makes any difference. In contrast, a change in the date might have a much more serious consequence for a defendant who denies that he committed the act in question.
In the present case, the state offered the trial court no reason for its failure to amend the information earlier. The state argues in the answer brief that the error was “apparently” corrected as soon as it was discovered. This qualification was necessary because the record simply does not disclose why the state was unaware of the correct date of the alleged offense before the trial. We have no way of knowing whether this error was produced by an event that surprised the state or whether it was caused by a simple lack of trial preparation.
The trial court determined that the defendant was not prejudiced, because he had not filed a notice of intent to rely on the defense of alibi. The fallacy in this conclusion, however, is that it would require the defendant to submit a notice of alibi for a date not yet disclosed to him by the state. A notice of alibi is, by definition, limited to the specific time and place the crime was alleged to have been committed. See Fla.R.Crim.P. 3.200. Here, the state filed a demand for notice of intention to claim alibi for the dates identified in its statement of particulars, July 25, 1997 to October 6, 1997. Whether the defendant submitted a notice of alibi for those dates is immaterial. The amended information accused the defendant of committing the crime on July 23, 1997, a date not within the time period previously identified in the state’s demand. The defendant had no time to investigate a potential alibi for July 23, 1997, much less provide notice of it to the state.
Our decision might be different had the defendant received some form of notice that he would be accused of committing the robbery on July 23,1997, but there is nothing in the record to support such a conclusion. All of the information available to the defendant would lead him to believe that he was accused of a robbery on July 25, 1997. The police report indicated that the robbery was committed on the 25th and the victim testified in her deposition that she was robbed on the 25th. Consequently, we cannot classify this case along with the many other cases in which the state makes a formal amendment to allege an inconsequential fact or a fact well known to the defendant. See, e.g., Lackos v. State, 339 So.2d 217 (Fla.1976); Huffman v. State, 636 So.2d 842 (Fla. 5th DCA 1994); Bowden v. State, 642 So.2d 769 (Fla. 1st DCA 1994); Young v. State, 632 So.2d 245 (Fla. 3d DCA 1994).
For these reasons, we hold that the trial court erred in requiring the defendant to proceed to trial on the amended information without affording him additional time to prepare. The defendant’s conviction is reversed and the case is remanded for a new trial.
Reversed.
BARFIELD, C.J., and VAN NORTWICK, J., CONCUR.

. It is not clear from the record why the state filed a statement of particulars that makes the accusation less precise than it was in the information. The statement of particulars does not refer to the two charged offenses separately. Instead, it alleges that either or both of the offenses occurred at some unspecified time between July 25, 1997 and October 6, 1997.