151 So.2d 889 (1963)
STATE of Florida, Appellant,
v.
W. Robert SMITH, Appellee.
No. D-484.
District Court of Appeal of Florida. First District.
April 18, 1963.
*890 Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellant.
Charles A. Savage, Ocala, and Chester Bedell, Jacksonville, for appellee.
RAWLS, Judge.
The sole question under consideration is the propriety of the action of the Circuit Court of Marion County in quashing an indictment which alleged in fourteen counts that W. Robert Smith sold unregistered securities in violation of the law. The statutes allegedly violated are F.S. Section 517.07, F.S.A. which provides:
"No securities except of a class exempt under any of the provisions of § 517.05 or unless sold in any transaction exempt under any of the provisions of § 517.06 shall be sold within this state unless such securities shall have been registered as hereinafter defined. * * *"
and F.S. Section 517.30, F.S.A., which provides:
"Whoever violates any of the provisions of this chapter shall be guilty of a felony and upon conviction thereof shall be punished by a fine of not more than five thousand dollars, or by imprisonment in the state penitentiary for not more than five years. * * *"
The crime of selling unregistered securities is further defined by Section 517.02, in a lengthy technical definition of the word "security", by Section 517.05 listing ten classes of exempt securities, and by Section 517.06 listing fourteen types of exempt transactions. These statutes do not specify scienter as an element of the offense and the indictment did not allege scienter.
Appellee strongly urges that the complexity of the chapter makes it impossible for an ordinary person to determine what acts are prohibited and punishable thereunder and the failure of the statute to designate knowledge or criminal intent as an element of the crime is a denial of due process rendering the statute unconstitutional.
The wide latitude granted to lawmakers to declare an offense and to exclude elements of knowledge and criminal intent have long been recognized although the existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence. The power of lawmakers to exclude mens rea is limited by the requirements of due process and equal protection of the laws and such power has been held not to exist in cases where the conduct declared criminal is wholly passive or impinges on a constitutional guarantee.[1]
In the instant case since the sale of securities, like the sale of books and periodicals, is not malum in se, this Court is bound by the broad application of the rule as applied by the Florida Supreme Court in Cohen v. State[2] which held that scienter was an implied element of the statute making the sale of obscene literature a felony and the information was fatally defective for want of an averment that the defendant sold the literature knowing it to be obscene. In that case the Supreme Court speaking through Justice O'Connell said:
"We have no difficulty in construing the subject statute to impliedly require a charge and proof of scienter. As indicated above we so construed statutes in State v. Slaton, supra, Brent v. State, supra, and State v. Diez, supra. We have done so more recently in the case of Cramp v. Board of Public Instruction *891 of Orange County, Fla., 125 So.2d 554.[3]
"As set forth in the last cited case we can so construe the subject statute without being guilty of `a judicial amendment of the statute.' See Lerner v. Casey, 357 U.S. 468, 78 S.Ct. 1311, 2 L.Ed.2d 1423; Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed.2d 517, 27 A.L.R.2d 472; Garner v. Board of Public Works, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317; Gerende v. Board of Supervisors, 341 U.S. 56, 71 S.Ct. 565, 95 L.Ed. 745."
Having concluded that the indictment was fatally defective for not averring scienter, an implied element of the crime which must be averred and proven, we find it unnecessary to consider the many other points argued in this appeal.
Affirmed.
CARROLL, DONALD K., Chief Judge, and STURGIS, J., concur.
NOTES
[1] Lambert v. People of the State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1958). See Smith v. People of the State of California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1960).
[2] Cohen v. State, 125 So.2d 560 (Fla. 1961).
[3] State v. Slaton, 68 So.2d 894 (Fla. 1953) involved a statute prohibiting illegal transmission of racing information. Brent v. State, 127 Fla. 626, 173 So. 675 (1937) involved a larceny statute then in force. State v. Diez, 97 So.2d 105 (Fla. 1957) involved the noncommunist oath for state employees.