CARROLL, Judge.
On this appeal the state seeks reversal of an order of the criminal court of record in and for Dade County quashing an information.
Appellees were informed against, charged with sale of unregistered securities, in violation of § 517.07, Fla.Stat., F.S.A., and with selling securities without having registered as a dealer or salesman therefor, in violation of § 517.12, Fla.Stat., F.S.A.
The trial court quashed the information for failure to allege scienter, on authority of State v. Smith, Fla.App.1963, 151 So.2d 889, decided by the first district court of appeal.
We affirm the quashal order as it relates to the first count, charging sale of unregistered securities in violation of § 517.07, on the authority of State v. Smith, supra, which expressly held that scienter was a necessary element of the offense charged under that section. The Smith case relied on a similar holding as to sale of obscene literature, Cohen v. State, Fla.1961, 125 So.2d 560.
The material distinguishing factor which requires scienter under a statute against sale of obscene literature, yet can dispense with scienter in a statute against sale of unregistered securities, is that in the former there is involved a guarantee under the United States Constitution for freedom of expression — freedom of the press. Because of that distinction, we would be inclined to accept the arguments of the state upon which it is contended scienter is not a needed element in a charge of selling unregistered securities in violation of § 517.07, Fla.Stat., F.S.A., were it not for the square contrary holding by the first district court of appeal in State v. Smith, supra.
However, we reverse the order of quashal wherein it required an allegation of scienter in the second count which charged the defendants with selling securities without first having registered as a dealer or salesman as required under § 517.-12. We do this for several reasons. First, the Smith case did not rule upon section 517.12 of the statute dealing with that offense. Second, as we have noted earlier, there is no constitutional guarantee such as there was for the matter dealt with in Cohen v. State, supra, to require the stat *750 ute to provide or call for scienter. Third, whether or not a party selling securities has sought and obtained registration as a dealer or as a salesman is a matter peculiarly within his own knowledge. See State v. Scarborough, Fla.App.1965, 170 So.2d 458; State v. Krasne, Novelty Skirt Co., 103 Neb. 11, 170 N.W. 494; Bell v. State, 62 Tex.Cr.R. 242, 137 S.W. 670, 672, 36 L.R.A.N.S., 98.
For the reasons stated the order appealed from is affirmed in quashing the first count charging an offense under § 517.07, Fla. Stat, F.S.A., and is reversed for quashal of the second count charging an offense under § 517.12, and the cause is remanded for further proceedings not inconsistent herewith.
Affirmed in part and reversed in part and remanded.