181 So.2d 636 (1965)
The STATE of Florida, Petitioner and Cross Respondent,
v.
Francis S. HOUGHTALING, Lawrence M. Ripley, Nestor E. Houghtaling, Respondents.
No. 34363.
Supreme Court of Florida.
December 1, 1965.
Rehearing Denied February 1, 1966.
Earl Faircloth, Atty. Gen., Arden Siegendorf, Asst. Atty. Gen., Richard E. Gerstein, State's Atty. and Joseph Durant, Asst. *637 State's Atty., for petitioner and cross-respondent.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for respondents and cross-petitioner.
O'CONNELL, Justice.
Respondents were informed against under two counts: (1) for allegedly violating F.S. Sec. 517.07, F.S.A., which forbids the sale of certain securities which have not been registered with the Florida Public Securities Commission; and (2) for allegedly violating Sec. 517.12, which forbids one who is not registered as a dealer or salesman with the commission to engage in the business of selling securities. On motion of the respondents, the trial court quashed the information, on authority of State v. Smith, Fla.App. 1963, 151 So.2d 889, which held that scienter was a necessary element in prosecutions under Sec. 517.07.
On appeal, the District Court of Appeal, Third District, in its opinion and decision, reported at 173 So.2d 748, Fla.App. 1965, reluctantly followed the authority of the Smith case, supra, in affirming as to Count One. However, the court reversed as to Count Two, reasoning as follows: (1) that the Smith case specifically referred only to Sec. 517.07 and not to Sec. 517.12; (2) that the rule of the Smith case should not be extended to include Sec. 517.12 for reasons to be discussed below; and (3) that, in any event, there was no reason to read a requirement of scienter into Section 517.12, since registration as a dealer or salesman is a matter peculiarly within the knowledge of the respondents.
The state petitions for certiorari only as to that portion of the district court decision that dealt with Count One of the Information. Respondents cross-petition for review of the portion dealing with Count Two. Our jurisdiction is bottomed on the certification of the district court that its decision passed upon a question of great public interest.
The authority of the Smith case, supra, aside, both parties agree that there is no question that the legislature had the power to have dispensed with the requirement of scienter in the enactment of Chapter 517 if it so desired. The question then is simply that of finding the legislative intent.
Respondents advance several grounds of varying cogency for inferring a legislative intent to require a showing of scienter in prosecutions under Chapter 517. Nevertheless, these reasons, taken together, are not sufficient to overcome the contrary inference that arises from the legislative history of the statute itself. As originally enacted, Sec. 17, Ch. 14899, Laws of Florida, 1931, provided:
"Section 17. Penalty. Whoever violates any provision of this Act shall be punished by a fine or [sic] not more than One Thousand Dollars or by imprisonment for not more than two years, or by both such fine and imprisonment; but an affirmative showing that an act or omission which constituted a violation occurred in good faith and on reasonable grounds for believing it not to be a violation, shall relieve from the penalty prescribed in this Section."
However, Ch. 17253, Laws of Florida, 1935, which constituted a general revision of the statute, deleted the so-called good-faith provision from the quoted penalty section. Contrary to respondents' suggestion that the provision was deleted as mere surplusage, we are compelled to find a legislative intent to eliminate the requirement of scienter. Moreover, stemming as it does from the penalty section of the statute, this inferred legislative intent applies equally to both sections of the statute that are involved here.
Our reading of legislative intent is obviously contrary to that of the District Court of Appeal, First District, in State v. Smith, supra. But the reasoning underlying that decision appears clearly from the *638 following passage in the opinion in that case:
"In the instant case since the sale of securities, like the sale of books and periodicals, is not malum in se, this Court is bound by the broad application of the rule as applied by the Florida Supreme Court in Cohen v. State which held that scienter was an implied element of the statute making the sale of obscene literature a felony and the information was fatally defective for want of an averment that the defendant sold the literature knowing it to be obscene."
But this was a misreading of Cohen v. State, Fla. 1961, 125 So.2d 560. That case did not turn on any such distinction between acts mala in se and mala prohibitum. Rather, it turned on the authority of the decision of the Supreme Court of the United States in Smith v. People of State of California, 1959, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, holding that without the element of scienter the statute there involved would be invalid as infringing the constitutionally protected freedom of speech. For the reasons indicated, we overrule the holding of State v. Smith, supra, and hold here that the element of scienter need not be alleged and proven in prosecutions under F.S. Section 517.07, F.S.A.
It follows that the decision of the district court is correct in holding that the trial court erred in quashing Count Two of the Information, but is incorrect in holding that Count One of the Information was properly quashed. Therefore, the decision is reversed in part and affirmed in part and the cause remanded for further proceedings consistent herewith.
THOMAS, CALDWELL and ERVIN, JJ., concur.
THORNAL, C.J., dissents with opinion.
THORNAL, Chief Justice (dissenting).
I would hold scienter to be an element under both sections of the subject statute.