PER CURIAM.
The appellant was convicted of several violations of the state securities laws. He raises numerous issues on appeal.
Initially the appellant challenges the sufficiency of the charging document for its failure to specifically allege that he was a dealer or salesman and that the securities were required to be registered. As to the latter alleged deficiency, we note that Sections 517.07 and 517.17, Florida Statutes (1973) provide that all but certain exempt securities must be registered and in addition specifically provides that the state is not required to alleged in an information that the particular securities involved are not exempt from registration. As to the former alleged deficiency argument, we believe the allegations of the information were sufficient to charge the appellant with selling securities in violation of the provisions of Section 517.12, Florida Statutes (1973). Cf. Biederman v. State, 392 So.2d 982 (Fla. 4th DCA 1981).
We believe there was sufficient proof to implicate and hold appellant responsible for the sale of securities in violation of Section 517.12. The proof was also sufficient to prove that the securities were unregistered and were sold by unregistered salesmen. We reject appellant’s constitutional attack on the securities statutes because the statutes do not require a showing of guilty knowledge or scienter as a prerequisite for conviction. See State v. Houghtaling, 181- So.2d 636 (Fla.1965). We have reviewed the entire jury instructions, including the instructions on circumstantial evidence and reasonable doubt, and find no error in the trial court’s ruling denying appellant’s request for a specific jury instruction on the jury’s obligation if a reasonable hypothesis of innocence was established during the state’s case.
We have additionally considered and find no reversible error in the appellant’s assertion that the state made numerous prejudicial references to collateral crimes and other collateral misconduct of the appellant. We have examined the references complained of by the appellant and find that they either constitute no error at all or constitute harmless error. Most of the references were proper and constituted relevant evidence of the pending offenses involving the sale of unregistered securities by unregistered salesmen. See Smith v. State, 365 So.2d 704 (Fla.1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); Ruffin v. State, 397 So.2d 277 (Fla. 1981).
Finally, the state has conceded error in the trial court’s imposition of separate sentences for two crimes arising out of a single transaction. The offenses involved herein occurred before October 1, 1976, the effective date of Section 775.021(4), Florida Statutes, which authorizes multiple punishments for separate offenses arising out of a single criminal transaction, except when the one offense is a lesser-included offense of the other. Prior to the enactment of Section 775.021(4), only one penalty could be imposed. State v. Munford, 357 So.2d 706 (Fla.1978); Thomas v. State, 372 So.2d 997 (Fla. 4th DCA 1979); Sparks v. State, 256 So.2d 537 (Fla. 4th DCA 1972), writ discharged 273 So.2d 74 (Fla.1973).
Accordingly, the judgment of the trial court is affirmed, but this cause is remanded for resentencing in accordance with this opinion. The appellant need not be present for the resentencing.
ANSTEAD, HERSEY and HURLEY, JJ., concur.