541 So.2d 745 (1989)
Patricia M. ROSENFELD, Appellant,
v.
CRIMINAL JUSTICE STANDARDS AND TRAINING COMMISSION, Appellee.
No. 88-1921.
District Court of Appeal of Florida, Third District.
April 11, 1989.
*746 Mark Evans Kass, Miami, for appellant.
Joseph S. White, Asst. Gen. Counsel for the Fla. Dept. of Law Enforcement, Tallahassee, for appellee.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
In September 1982, six bales of marijuana were stolen from the Florida City Police Department. Appellant Patricia Rosenfeld, then a Metropolitan Dade County Police Officer, was indisputably not involved in the planning or execution of the theft. A friend, Caroline Washington, in contrast, was among those participating in the theft. After the crime was committed, Washington asked Rosenfeld's roommate, Wendy Clanton, to store $20,000 of her proceeds from the theft in Rosenfeld's and Clanton's apartment. Clanton agreed, without consulting Rosenfeld. Rosenfeld conceded that she became aware that cash belonging to Washington was being stored in the apartment, but testified she understood the cash to be proceeds of an inheritance from Washington's grandmother. According to Rosenfeld, Washington claimed she needed a safe place to keep her money. Rosenfeld testified she told Washington to use a bank, but the funds were not removed. Rosenfeld eventually obtained from Washington what was described as an automobile loan in the amount of $2,000, which was given to Rosenfeld in cash.
The Criminal Justice Standards and Training Commission filed a complaint to revoke Rosenfeld's certification to be a law enforcement officer. The Commission alleged Rosenfeld accepted funds from Washington, knowing or believing the currency was proceeds of the unlawful sale of a controlled substance, with intent to apply the funds to her own personal use. The Commission maintained that her acceptance of the money from Washington was a violation of her obligation to have "good moral character." § 943.13(7), Fla. Stat. (1981).[1] The Commission, adopting the order and recommendation of a hearing officer, revoked Rosenfeld's certification. Rosenfeld appeals, arguing that the record does not contain substantial competent evidence to support the revocation. We affirm.
The crucial issue before the hearing officer was whether Rosenfeld knew the source of the money at the time she received it from Washington. Washington was the main witness against Rosenfeld, and Rosenfeld argues that Washington's testimony was so ambiguous, speculative, and contradictory that it cannot support the Commission's order. We disagree, based upon the statutory requirement that we not substitute our judgment for that of the agency as to the weight of the evidence on any disputed finding of fact. § 120.68(10), Fla. Stat. (1987). See McCray v. Dep't of Health & Rehab. Services, 384 So.2d 980 (Fla. 3d DCA 1980); Erwin v. Dep't of Professional Regulation, 320 So.2d 2 (Fla. 2d DCA 1975), cert. denied, 334 So.2d 605 (Fla. 1976). In this case the hearing *747 officer heard the testimony of Rosenfeld, Washington, and other witnesses, and was in a position to observe their demeanor and assess their credibility. While Washington's testimony contained apparent internal inconsistencies, it was the province of the hearing officer to determine what weight to assign to that testimony.
Further, the Commission's decision was not based solely on Washington's testimony. Rosenfeld was incriminated by her own statements. She was recorded during a police investigation saying that there was no way to "trace" the money and admitted in a police department memorandum to a "bad judgment call." For corroboration purposes, the hearing officer received over objection the hearsay statement of Clanton, who indicated first, that she had personally told Rosenfeld that the money was derived from the theft and, second, that Washington's story was correct. Clanton's statements, though hearsay, were admissible under Section 120.58(1)(a), Florida Statutes, which permits consideration of hearsay in administrative proceedings when the hearsay corroborates other testimony. See Florida Dep't of Law Enforcement v. Dukes, 484 So.2d 645 (Fla. 4th DCA 1986). Washington's testimony, along with Rosenfeld's admissions and the statements of Clanton, constitute substantial competent evidence to support the revocation of Rosenfeld's law enforcement officer certification.
AFFIRMED.
NOTES
[1] Rosenfeld had earlier been charged with the crimes of official misconduct and perjury. This court declared the official misconduct statute to be unconstitutionally vague, State v. Rosenfeld, 467 So.2d 731 (Fla. 3d DCA 1985), and a jury acquitted Rosenfeld of perjury.