POLEN, Judge.
On December 29,1989, the State of Florida Department of Banking and Finance, Division of Securities and Investor Protection [hereinafter the Department], filed an administrative complaint against Allied Capital Group, Inc. [hereinafter Allied], along with twenty-eight individuals who either operated or were employed by Allied. In pertinent part, the complaint alleged that appellant had received commissions on securities transactions before being properly registered with the state to conduct such transactions.
Appellant, then represented by counsel, filed a petition for informal proceeding, which was granted by the Department pursuant to section 120.57, Florida Statutes, and Rule 3-7 of the Florida Administrative Code, naming the Director of the Division of Securities and Investor Protection, Don Saxon, to hear the case. The informal hearing was conducted on October 24, 1990. Saxon announced that appellant’s election to proceed with the informal hearing constituted a waiver of any right to contest the factual allegations of the administrative complaint, and appellant signified that he understood. Appellant acknowledged that he did not have an attorney with him, and stated that it was his prerogative not to be represented by counsel in the proceeding.
The Department admitted evidence that appellant had conducted nine trade transactions on June 7, 1988, prior to his registration with the state, which took place on June 8, 1988. One of appellant’s customer buy tickets had a trade date of June 6, 1988. Gross commission on these transactions totalled $3,320.00, and appellant stated that he received fifty percent of this gross commission amount, minus $30.00 per transaction.
Appellant responded that he filed a U-4 application and fingerprint card on June 6, 1988, with Allied’s compliance officer, requesting a Temporary Agent Transfer (TAT). Appellant was told by a principal of Allied that he was “TATed” on June 7, 1988, and Allied issued him a “rep. number” at that time. Appellant stated that he conducted no transactions prior to the time he was informed by the Allied principal that he was registered with the state. He argued that he acted in good faith reliance upon the word of the Allied principal, and should not be found guilty.
The Department issued its Corrected Final Order on February 22, 1991. It found that appellant was licensed with the Department on June 8, 1988, and that he “executed eleven (11) trades in Genexus Securities as evidenced by Exhibit 2, trade tickets filled out by [appellant] on June 6, prior to being licensed to sell securities in Florida,” and that appellant “received compensation for the above trades made on June 6, as evidenced by Exhibit 1, the Allied Capital Commission Report.” The Department concluded that appellant had violated section 517.12(1), Florida Statutes, by conducting sales of securities before being properly licensed with the Department. It ordered that, in the future, the Department must approve any registration application filed by appellant, provided that: a) the application is filed in accordance with Chapter 517; b) appellant pays an administrative fine of $2,660.00 to the Department; c) appellant has not been the subject of any additional civil, criminal, or administrative actions; and d) appellant and each dealer with which he becomes affiliated agrees to the imposition of certain conditions upon his future registration.
These conditions included but were not limited to: (1) A prohibition against acting as an officer, director, owner, control person, supervisor, manager, or principal for any dealer or investment adviser registered *136 with the Department; (2) A prohibition against offering for sale or selling any designated securities; (3) An agreement that appellant be strictly supervised by a principal physically present in his office of employment; (4) An agreement that appellant provide the Department with written notice of each complaint or proceeding filed or commenced against him as a result of his activities in the securities industry; and (5) An agreement that appellant abide by and comply with all state and federal securities law, all supervisory procedures of the firm with which he becomes registered, and all conditions imposed on his registration. These conditions were to remain in full force and effect for at least two years from the date appellant’s future registration was approved by the Department.
Appellant argues first that the informal hearing was unconstitutional because he was denied due process in that Don Saxon, Director of the Department’s Division of Securities and Investor Protection, conducted the hearing. We note that appellant failed to raise any objection to Saxon prior to the agency proceeding, as he was entitled to do pursuant to section 120.-71, Florida Statutes. Further, it is uncon-tradicted that Saxon was a duly appointed hearing officer as defined by Rule 3-7.006 of the Florida Administrative Code:
3-7.006 Designation of Hearing Officer for Informal Proceedings. The Department shall appoint as the hearing officer to preside over any informal proceeding pursuant to Section 120.57(2), Florida Statutes, any person who is an employee of the Department and who is qualified as either:
(1) A member in good standing of the Florida Bar; or
(2) A person who has practical experience or knowledge in the particular area of law at issue.
Therefore, we find no error in the appointment of Saxon as hearing officer. See Winslow v. Dept. of Professional Regulation, 348 So.2d 352 (Fla. 1st DCA 1977).
Next, appellant argues that he was denied the right to counsel, asserting that his request for counsel was denied. The record supports the conclusion that appellant chose not to be represented by counsel at the informal hearing. Further, while an agency cannot prevent a person from obtaining and utilizing counsel in section 120.-57(2) proceedings, the constitutional guarantee of right to counsel is not applicable to administrative proceedings involving the revocation of licenses issued by the state to those engaged in regulated businesses and professions. Thompson v. Dept. of Professional Regulation, 488 So.2d 103, 105 (Fla. 1st DCA 1986).
Appellant also reasserts his contention that he should not have been found guilty of having violated section 517.12 because he was justified in relying upon Allied’s representation that his registration was effective as of June 7, 1988. However, section 517.12 does not contain the element of scienter, and thus appellant’s asserted good faith belief that he was registered on June 7, 1988, is irrelevant. In State v. Houghtaling, 181 So.2d 636 (Fla.1965), the court noted that section 517.12 had been amended in 1935, when the legislature deleted the affirmative defense of “good faith and reasonable belief” from the statute. Id. at 637. This court cited Houghtaling in Kaufman v. State, 400 So.2d 1273 (Fla. 4th DCA 1981), where we rejected a constitutional attack on section 517.12, stating that the statute does “not require a showing of guilty knowledge or scienter as a prerequisite for conviction.” Id. at 1274. Thus, appellant’s argument regarding his good faith belief that he was registered at the time he conducted the subject transactions did not provide him with a defense to section 517.12.
The Corrected Final Order is in error, however, in that it includes a finding that appellant executed eleven trades on June 6, 1988, in Genexus Securities before he was registered. Exhibits 1 and 2, as well as the transcript of the informal hearing, support the conclusion that appellant was involved in only nine trades in Genexus Securities prior to the time he was registered, with at least eight of those transactions occurring on June 7, 1988. This error in the Department’s findings of fact was carried over *137 into the administrative fine assessed against appellant. Appellant’s administrative fine should have been $1,390.00, rather than $2,660.00.[1]
Because the Department’s findings of fact are in error, we reverse the Corrected Final Order and remand to the Department for correction and recalculation of appellant’s fine. See Florida Real Estate Comm’n v. Webb, 367 So.2d 201 (Fla.1978).
We write further to note that the sanctions imposed by the Department upon appellant have the effect of so severely limiting appellant’s practice of his chosen profession as to virtually prohibit such practice altogether. The conditions imposed upon his future registration will make him less desirable to potential employers who must also agree to the imposition of these conditions on appellant’s registration. The conditions prohibit appellant from holding a supervisory position in an investment firm, prohibit him from selling designated securities, and require strict supervision by a principal physically present in his office. While we have determined that the circumstances surrounding the Department’s investigation of Allied and appellant’s uncontradicted evidence regarding Allied’s role in promoting his conduct do not provide appellant with a defense to section 517.12, we express our belief that those circumstances would have mitigated in favor of a less severe sanction. On remand, the department may reconsider these sanctions.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL, J., and SEIDLIN, LARRY, Associate Judge, concur.

. The transcript of the informal hearing reveals that nine trades with a total gross commission of $3,320.00 had been transacted by appellant prior to his registration. Fifty percent of $3,320.00 equals $1,660.00. From this amount, the Department should have subtracted a $30.00 fee per each of the nine transactions. Thus: $1,660.00 minus $270.00 equals $1,390.00.