PER CURIAM.
Antonio A. Prieto appeals a suspension order entered by the Florida Department of Business and Professional Regulation. We affirm.
Respondent-appellant Prieto is a state-certified residential real estate appraiser regulated under chapter 475, Florida Statutes. After an administrative hearing, he was found to have violated subsections 475.624(14) and (15), Florida Statutes (1995). The Florida Real Estate Appraisal Board adopted the recommended order of the Administrative Law Judge. The Board imposed a $3,000 fine, suspended Prieto’s license for five years, and imposed the requirement that Prieto complete a continuing education course prior to reinstatement.
On this appeal, Prieto contends that predecessor counsel who represented him at the administrative hearing was ineffective. He requests relief from the suspension order on the theory that he received ineffective assistance of trial counsel.
*634 We reject Prieto’s claim. We think the Florida Supreme Court’s rejection of a similar claim in the context of dependency proceedings is dispositive here. See S.B. v. Department of Children and Families, 851 So.2d 689 (Fla.2003). The S.B. court said, “The constitutional right to counsel is not implicated in this case. Because there is no constitutional right to counsel under the circumstances of this case, we likewise find that there is no right to collaterally challenge the effectiveness of counsel.” Id. at 693-94.
Prieto argues that we recognized such a claim in Diaz de la Portilla v. Florida Elections Commission, 857 So.2d 913 (Fla. 3d DCA 2003) review denied, No. SC03-2112, 872 So.2d 898, SC03-2113, 872 So.2d 899 (Fla. April 1, 2004). That case did not involve the issue now before us.
Affirmed.