942 So.2d 998 (2006)
Terry L. MULLINS, Appellant,
v.
DEPARTMENT OF LAW ENFORCEMENT, etc., Appellee.
No. 5D06-834.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
*999 Terry L. Mullins, Deltona, Pro Se.
Joseph S. White, Assistant General Counsel, of Florida Department of Law Enforcement, Tallahassee, for Appellee.
ORFINGER, J.
Terry L. Mullins appeals an order of the Criminal Justice Standards and Training Commission revoking his certification as a law enforcement officer. On appeal, Mr. Mullins disputes the Administrative Law Judge's ("ALJ") findings that he was untruthful; contends that he was denied the assistance of competent counsel; and submits that his former employer, the Sanford Police Department, violated section 112.531, Florida Statutes, the Police Officer's Bill of Rights, during its investigation of his alleged misconduct. Having thoroughly considered the extensive record, we affirm.
The Criminal Justice Standards and Training Commission of the Florida Department of Law Enforcement ("the Commission") filed an administrative complaint, alleging that Mr. Mullins had committed perjury in an official proceeding and had engaged in sex while on duty, thereby, violating sections 943.1395 and 943.13, Florida Statutes, and/or Florida Administrative Code Rule 11B-27.0011(4)(a) and (c). In response, Mr. Mullins filed an Election of Rights form, disputing the allegations set forth in the Administrative Complaint and requesting a formal hearing. A formal hearing was held at which Mr. Mullins was represented by counsel.
Following the hearing, in a recommended order, the ALJ found that Mr. Mullins had committed the alleged misconduct and that the misconduct violated the police officer standards of conduct, as defined by applicable statute and rule. As a result, the ALJ recommended entry of a final order that Mr. Mullins failed to maintain good moral character and failed to qualify for certification as a law enforcement *1000 officer. The ALJ further recommended that the Commission revoke Mr. Mullins's law enforcement officer certification. The parties did not file any exceptions to the recommended order. The Commission entered a final order, which approved and adopted the findings of the recommended order. Mr. Mullins now appeals.
This Court's review of the Commission's final order accepting and adopting the ALJ's findings of fact and conclusions of law is governed by section 120.68, Florida Statutes (2005). See Legal Envtl. Assistance Found., Inc. v. Clark, 668 So.2d 982, 986 (Fla.1996). A reviewing court may set aside agency action only when it finds that the action is dependent on findings of fact that are not supported by substantial competent evidence in the record, material errors in procedure, incorrect interpretations of law, or an abuse of discretion. § 120.68(7), Fla. Stat. (2005). When factual findings are reviewed, the court must not substitute its judgment for that of the agency in assessing the weight of the evidence or resolving disputed issues of fact. See § 120.68(10), Fla. Stat. (2005); Malave v. Dep't of Health, Bd. of Med., 881 So.2d 682, 684 (Fla. 5th DCA 2004); Gross v. Dep't of Health, 819 So.2d 997, 1002 (Fla. 5th DCA 2002).
Mr. Mullins asks this Court to "uncover the truth, overturn the Administrative hearings [sic] rulings and reinstate [his] Police Officers Certification." In essence, he asks this Court to reweigh the evidence considered by the ALJ, who determined that Mr. Mullins engaged in misconduct while on duty and that he was untruthful during a sworn interview and at the administrative hearing. The ALJ heard testimony from witnesses, and he was in a position to observe their demeanor and assess their credibility. We conclude that there is substantial competent evidence to support the revocation of Mr. Mullins's law enforcement officer certification. See Rosenfeld v. Criminal Justice Standards & Training Comm'n, 541 So.2d 745 (Fla. 3d DCA 1989) (acknowledging that the district court of appeal cannot substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact, court held that substantial competent evidence supported the Commission's revocation of appellant's certification to be a law enforcement officer).
Next, Mr. Mullins argues that the final order should be overturned because he was denied the assistance of competent counsel. An ineffective assistance of counsel claim is premised on a violation of an individual's Sixth Amendment right to counsel. See, e.g., Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Denise H. v. Ariz. Dep't of Econ. Sec., 193 Ariz. 257, 972 P.2d 241, 243 (1998). No Sixth Amendment right to counsel exists in the context of administrative proceedings involving the revocation of state-issued licenses. See Santacroce v. State, Dep't of Banking & Fin., 608 So.2d 134, 136 (Fla. 4th DCA 1992) (explaining that while an agency cannot prevent a person from obtaining and utilizing counsel in administrative proceedings, the constitutional guarantee of right to counsel is not applicable to administrative proceedings involving the revocation of licenses issued by the state to those engaged in regulated businesses and professions).
In S.B. v. Department of Children & Families, 851 So.2d 689 (Fla.2003), the supreme court explained the constitutional right to counsel in civil dependency proceedings and its limitations. The supreme court held that the parent "did not have a constitutional right to counsel and therefore could not collaterally challenge the *1001 effectiveness of counsel" even though Florida statutes specifically provided the right to counsel in dependency proceedings. Id. at 690. In so holding, the court concluded that in civil dependency proceedings, which do not involve the possibility of criminal charges against the parent or the permanent termination of parental rights, there is no right to pursue a collateral proceeding questioning the competency of court-appointed counsel. The third district court, relying on S.B., held in Prieto v. Florida Department of Business & Professional Regulations, 876 So.2d 633 (Fla. 3d DCA 2004), that a state-certified residential real estate appraiser did not have a constitutional right to counsel in an administrative hearing for license suspension, and, thus, did not have the right to collaterally challenge the effectiveness of his counsel. Based on Prieto, we conclude that Mr. Mullins does not have the right to collaterally challenge the effectiveness of his counsel in the revocation of his law enforcement license proceedings.
Lastly, Mr. Mullins contends that his former employer, the Sanford Police Department, violated the Police Officer's Bill of Rights enacted in sections 112.531-.535, Florida Statutes, during its investigation of the instant matter. Mr. Mullins argues that the Sanford Police Department commenced an internal investigation of him in the absence of a formal complaint. While section 112.533(1), Florida Statutes (2003), provides that every law enforcement agency shall establish a system for the receipt, investigation, and determination of complaints received by the agency, it does not mandate the receipt of a formal citizen complaint before initiating an internal investigation of a law enforcement officer. See generally Op. Atty. Gen. Fla. 93-61 (1993) (opining that section 112.533 applies to complaint filed with employing agency by any person, whether within or outside the agency). Consequently, we find this argument to lack merit.
For the foregoing reasons, we affirm the Commission's order revoking Mr. Mullins's law enforcement certification.
AFFIRMED.
PLEUS, C.J. and GRIFFIN, J., concur.