IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LISA BONNY WEAVER,

      Appellant,

 v.                                 Case No.  5D16-2366

DEPARTMENT OF HEALTH,
BOARD OF NURSING,

      Appellee.

_____/

Opinion filed April 13, 2017

Administrative Appeal from
the Florida Department of
Health.

Lisa Bonny Weaver, Rockledge, pro se.

Sarah Young Hodges, Chief Appellate
Counsel, Florida Department of Health,
Prosecution Services Unit, Tallahassee, for
Appellee.


PER CURIAM.

Lisa Bonny Weaver, a registered nurse, appeals a final administrative order

permanently revoking her nursing license for violations of sections 456.072(1)(c) and

464.018(1)(d)2., Florida Statutes (2015).  We affirm.

On appeal, Ms. Weaver argues that her attorney failed to properly represent her

by providing sufficient facts to the Department of Health, Board of Nursing, so that it could

make an informed decision. Ms. Weaver's dissatisfaction with her counsel and the quality of her representation is not a basis for reversal. An ineffective assistance of counsel claim is premised on a violation of an individual's Sixth Amendment right to counsel. See, e.g., Strickland v. Washington, 466 U.S. 668, 687 (1984); Mullins v. Dep't of Law Enf., 942 So. 2d 998, 1000 (Fla. 5th DCA 2006). However, no Sixth Amendment right to counsel exists in the context of administrative proceedings involving the revocation of state-issued licenses. Mullins, 942 So. 2d at 1000; see Santacroce v. State, Dep't of Banking & Fin., 608 So. 2d 134, 136 (Fla. 4th DCA 1992) (explaining that while agency cannot prevent person from obtaining and utilizing counsel in administrative proceedings, constitutional guarantee of right to counsel is not applicable to administrative proceedings involving revocation of licenses issued by state to those engaged in regulated businesses and professions); see also Slavin v. Comm'r, 932 F.2d 598, 601 (7th Cir. 1991) (recognizing "[t]here is no principle of effective assistance of counsel in civil cases").

Because there is no right to counsel, there is no right to collaterally challenge the effectiveness of counsel. Accordingly, Ms. Weaver, who was represented by counsel of her own choosing, cannot now complain that the representation was inadequate as a means to challenge the permanent revocation of her nursing license. See Mullins, 942 So. 2d at 1001 (concluding that officer had no right to collaterally challenge effectiveness of his counsel in revocation of his law enforcement license proceedings); Prieto v. Fla. Dep't of Bus. & Prof'l Regs., 876 So. 2d 633, 633-34 (Fla. 3d DCA 2004) (rejecting ineffective assistance claim brought by real estate appraiser to challenge agency's suspension of his license).

AFFIRMED.

ORFINGER and BERGER, JJ., and JACOBUS, B.W., Senior Judge, concur.