668 So.2d 313 (1996)
Roland SHIPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1129.
District Court of Appeal of Florida, Fourth District.
February 21, 1996.
*314 Louise A.D. Jones of Louise A.D. Jones, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Challenging his conviction and sentence for sexual battery with a firearm on a twelve-year-old girl, the appellant contends that the trial court erred in admitting similar fact evidence. We affirm, finding that the evidence was relevant under Saffor v. State, 660 So.2d 668 (Fla.1995), and that it contained sufficient unique characteristics with the instant crime to warrant its admission.
Appellant was living with the victim's mother and two brothers. The victim testified that appellant acted like a family member. He would discipline the children and would take care of them after school. He would even talk with the victim's teachers at school. While the mother testified that appellant's relationship with the victim was "pretty good," even she remarked on his concern about the victim's interest in boys. The victim testified that her interest in boys was the impetus for a beating that appellant had given her.
Briefly summarizing the attack, the appellant took the victim in her mother's car to a park. When they reached the park, appellant brought out a gun and began choking the victim, telling her that he would kill her and himself. He told her to get into the back of the vehicle, and then grabbed and choked her when she tried to exit the car. The victim testified that before the assault appellant put the gun to her neck and during the assault he left it on the front seat. She was then digitally penetrated and forced to have oral, vaginal, and anal intercourse[1] with appellant. Appellant then returned her to the home.
The similar fact evidence presented at trial involved a young victim who the appellant had assaulted some fourteen years before. Appellant had been living with the mother of the similar fact victim, who was twelve at the time of the first sexual assault. Like the victim in the instant case, the similar fact victim had also been living apart from her mother for most of her life prior to the time appellant began residing with the mother. Appellant had assumed a custodial role, restricting the similar fact victim's activities and speaking with her teachers about her grades. Appellant had made the presence of guns in the house known to the similar fact victim, as he did with the victim in the instant case. Appellant was also preoccupied with the similar fact victim's interest in boys, for which he punished her. At the time of the first sexual battery, the appellant told the similar fact victim "now is your time to become a woman," which she inferred to mean that appellant knew it was her "first time." The attacks, which continued for about two *315 years, occurred in the mother's home at night.
In Heuring v. State, 513 So.2d 122 (Fla.1987), the supreme court recognized the special problems presented by sexual battery in the familial context, stating that similar fact evidence was relevant and admissible to corroborate the victim's testimony, and in such cases, the evidence's probative value outweighs its prejudicial effect. Id. at 124-25. As the court summarized in Saffor:
In essence, our holding in Heuring enlarged the list of instances where similar fact evidence is admissible (i.e., as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) to also include admission of similar fact evidence to corroborate a familial sexual battery victim's testimony.
660 So.2d at 671. However, while Heuring allowed a relaxed standard of admissibility for familial sexual battery cases, it did not explain the standard. That was left to Saffor, which has now clarified the test to be used:
We hold instead that when the collateral sex crime and the charged offense both occur in the familial context, this constitutes a significant similarity for purposes of the Williams rule, but that these facts, standing alone, are insufficient to authorize admission of the collateral sex crime evidence. There must be some additional showing of similarity in order for the collateral sex crime evidence to be admissible. The additional showing of similarity will vary depending on the facts of the case and must be determined on a case-by-case basis. Thus, we do not eliminate the requirement of similarity which undergirds the Williams rule. However, the strict similarity in the nature of the offenses and the circumstances surrounding their commission which would be required in cases occurring outside the familial context is relaxed by virtue of the evidence proving that both crimes were committed in the familial context.
Id. at 672.
In order to apply this relaxed standard, we use a chart which we attach as an appendix to this opinion to compare the charged offense with the similar fact evidence. As can be seen from the chart, there are multiple points of similarity between the two offenses: (1) type of offense (intercourse and oral sex[2]); (2) age and gender of victims; (3) relationship of victims to appellant; (4) victims living apart from mothers for most of their lives; (5) appellant's preoccupation with the victims' alleged interest in boys; (6) appellant physically punishing the victims for their alleged interest in boys; (7) appellant's concern with the victims' levels of sexual experience; (8) victims' awareness of appellant having gun(s) in the house; and (9) the presence of a gun in both the charged and collateral offenses. Although there are points of dissimilarity, considering that the standard for review is whether the trial court abused its discretion, State v. Ayala, 604 So.2d 1275 (Fla. 4th DCA 1992), we think that the "additional showing of similarity" required under Saffor has been made. In our view, this case presents a stronger set of similarities and a weaker set of differences than were present in Saffor.
Appellant also argues that even if the two incidents are similar, the prejudicial effect of such evidence outweighs its probative value. This contention was rejected both in Heuring and in Saffor, and we reject it here as well.
Finally, contrary to appellant's argument, the similar fact evidence was not made a feature of the trial. It was not voluminous in comparison to the whole trial, the jury was given several limiting instructions, and the trial court excluded a portion of the similar fact testimony so that it would not overwhelm the trial.
Affirmed.
POLEN and PARIENTE, JJ., concur.

*316
 Appendix: Similarity Chart
Factors Charged Offense Collateral Offense
 (Victim) (Similar Fact Victim)
Offense Vaginal intercourse; digital Vaginal intercourse; "oral
 penetration; mouth-to-vagina sex on [her]"
 contact; (anal sex alleged (not more specific)
 but not charged)
Age of child 12 12 at time of first
 sexual battery
Gender of child Female Female
Relationship of child Child of live-in girlfriend Child of live-in girlfriend
to Shipman
Time frame (i.e., years between  14-16 years earlier
events)
Duration of abuse Once Once or twice per week,
 over two-year period
General location Car at park Home
Specific location Back seat Mother's room; den
Time of day Late morning At night
Child living apart Until she was 11 yrs. old Until she was 9 yrs. old
from mother
Child's relationship Not close Normal
with mother
Shipman as disciplinarian Yes No
Shipman preoccupied with Yes Yes
child's interest in boys
Child physically punished Yes Yes
by Shipman for interest in
boys
Shipman's concern with Shipman asked if she was a Shipman said "now is your
child's level of sexual experience virgin time to become a woman"
Child aware that Shipman Yes; knew of gun Yes; knew of guns
had gun(s) in the house
Presence of gun during offense Gun held to victim's neck Gun was "always nearby"
 prior to offense; left in
 front seat during offense

NOTES
[1] Appellant was not charged with anal intercourse; however, the victim testified that it occurred.
[2] We interpret the similar fact victim's testimony about "oral sex on me" as mouth-to-vagina contact, and thus conclude it is similar to the offense in the instant case.