792 So.2d 627 (2001)
Gerardo PASTOR, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2928.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
*628 Carey Haughwout, Public Defender, West Palm Beach, and Alisa Smith, Special Assistant Public Defender, Rutherford, NJ, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
The Defendant was convicted of two counts of sexual battery on a minor (the victim), his adopted stepdaughter. At the time the grand jury indicted the Defendant, the victim was twenty-seven years old. The Defendant raises six issues on appeal, but one is dispositive. We agree with the Defendant's assertion that the trial court abused its discretion and committed reversible error when it admitted the testimony of the victim's brother as similar fact evidence. Where as here, the case depended upon the credibility of the victim, the admission of such evidence was not harmless error because there is a reasonable probability that it could have influenced the jury's verdict. See Farrill v. State, 759 So.2d 696, 699 (Fla. 2d DCA 2000)(court held that, in sexual battery cases, admission of collateral crime evidence is highly prejudicial to the defendant, and the trial court must be alert to avoid the risk that the jury will convict a defendant based upon propensity alone rather than upon proof that he committed the charged crimes); Griffith v. State, 723 So.2d 860 (Fla. 1st DCA 1998)(court held improper admission of collateral crime evidence in sexual assault case required reversal); see also, Clark v. State, 742 So.2d 824 (Fla. 2d DCA 1999); Moore v. State, 659 So.2d 414 (Fla. 2d DCA 1995). Therefore, we reverse the Defendant's conviction and remand for a new trial.
At trial, the victim testified that the Defendant began molesting her when she was five years old. She testified that the Defendant would give her a bath and say he had to check to make sure "everything was growing okay." She recounted that when she was about ten years old, the Defendant touched her breasts and put his fingers inside her vagina, while she pretended she was sleeping. She claimed that *629 around the same time, the Defendant also began to use his tongue and mouth to lick her vagina. The victim testified that she never told anyone what happened to her when she was a child because she did not realize what the Defendant was doing was abnormal and because she did not want to upset her mother.
Prior to trial, the State had timely filed a notice of intent to introduce similar fact evidence. Over the Defendant's objection, the trial court allowed the victim's brother (Defendant's twenty-four year old adopted stepson) to testify that, on one occasion when he was eleven years old, during a camping trip, he recalled the Defendant touched and licked his genitalia. He remembered being in bed in the tent and that the Defendant came in, touched his penis and told him he was "checking [him] out." The victim's brother never told anyone about the abuse until he told the victim, two years after she had accused the Defendant.
The Defendant argues that the incident described by the brother was not sufficiently similar to the incidents the victim described and therefore, the trial court abused its discretion when it admitted the brother's testimony as similar fact evidence. The Defendant claims the only similarity is that the abuse occurred within the familial context, which is insufficient to constitute similar fact evidence.
Collateral crime evidence, or Williams Rule evidence, may be admitted when relevant to prove a material fact in issue such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. See § 90.404(2), Fla. Stat. (2000). Collateral crime evidence is not admissible, however, when relevant solely to prove propensity. See id. In Heuring v. State, 513 So.2d 122, 124 (Fla.1987), the Florida Supreme Court expanded the Williams Rule in cases involving sexual battery committed within the familial context. Similar fact evidence arising out of the familial context is relevant to the victim's testimony, and is admissible because the probative value of such evidence usually outweighs its prejudicial effect. See id.; Saffor v. State, 660 So.2d 668 (Fla.1995); Smith v. State, 788 So.2d 279 (Fla. 4th DCA 2000).
In Saffor v. State, the supreme court adopted a relaxed two-prong test for the admission of collateral crime evidence in sexual abuse cases occurring within the familial context: 1) both the charged offense and the collateral offense must occur within the family setting, and 2) there must be some additional showing of similarity between the incidents in order for the collateral crime evidence to be admissible. See Saffor 660 So.2d at 672. Similarity must be determined on a case-by-case basis and it will vary depending on the facts of the case. See id. The trial court's ruling on the admission of this type of evidence is reviewed for abuse of discretion. See Shipman v. State, 668 So.2d 313, 315 (Fla. 4th DCA 1996); see also Huff v. State, 569 So.2d 1247, 1249 (Fla.1990).
In Saffor v. State, the male victim, who was ten years old at the time of abuse, was living with the defendant. The similar fact witness was the defendant's niece, who was twelve at the time she claimed she was abused. The victim testified that when he and the defendant were sleeping in the same bed, the defendant woke him and sodomized him. See Saffor, 660 So.2d at 669. The niece testified that one night while she was visiting the defendant's house, the defendant went into the room where she was sleeping, put his hand down her pajamas, but left when she asked him to leave. See id. The Florida Supreme Court found that while the incidents both occurred within the familial context, the evidence of similarity fell short because *630 there were differences in the children's ages, the children's genders, the time frames of abuse, the locations of the abuse, and the time of day of the abuse. See id. at 672. The court stated that the only real similarity was that the offenses were committed while the children were asleep in bed and that, in and of itself, was not sufficient to meet the similarity requirement. See id. Thus, the court held that the trial court abused its discretion in admitting such testimony. See id.
In Smith v. State, the female victim was eight years old at the time the defendant, her grandmother's boyfriend, abused her. The similar fact witnesses, the defendant's daughters, were also eight years old when the defendant abused them. The victim testified that on at least ten occasions, during the day, the defendant placed his hand under her pants and rubbed her vagina. The victim testified that the defendant abused her when she was alone with him in his bedroom and when they went on a fishing trip. See Smith v. State, 788 So.2d 279. One similar fact witness testified she played strip poker with the defendant and when nobody else was around, the defendant rubbed her vagina with his penis, sometimes penetrating her. See id. She testified that on another occasion, the defendant watched her shower with a friend and suggested that they touch each other. She later awoke to find the defendant on top of her simulating sex while she was fully clothed. See id. The other similar fact witness testified that the defendant fondled her at night in her bedroom and that they engaged in mutual fondling which progressed to sexual intercourse. See id. This court held that the charged crime and the incidents described by the similar fact witnesses were so dissimilar that the trial court abused its discretion when it admitted the similar fact testimony. See id.
In applying the two-prong Saffor test for the admission of collateral crimes evidence in sexual abuse cases, we conclude that the State satisfied the first prong by proving that both the charged offense and collateral offense occurred within the familial context.
However, the State failed to satisfy the second prong of the Saffor test because the State did not prove there were enough similarities between the incidents for the collateral crime evidence to be admissible. Consistent with Florida case law on this issue, we reviewed the facts and find that the victim and the brother were not the same age or gender, the duration of the abuse differed, the location where the abuse occurred differed, the time of the abuse differed, and the manner of abuse differed. We disagree with the State's argument that the comments the Defendant made to each child, as noted above, were sufficient to overcome the differences. In addition, the Defendant's statement that he was checking out the victim to make sure "everything was growing okay" occurred before the crimes that were charged occurred. Thus, since the State failed to satisfy the second prong of the Saffor test, we conclude that the trial court abused its discretion when it admitted the testimony of the victim's brother as similar fact evidence.
The improper admission of similar fact testimony is presumed to be harmful error. See Holland v. State, 636 So.2d 1289, 1293 (Fla.1994); Czubak v. State, 570 So.2d 925, 928 (Fla.1990); Leverett v. State, 696 So.2d 519 (Fla. 4th DCA 1997). Here, the only evidence the State offered to corroborate the victim's version of the alleged abuse was that of her brother. Because this case turned on the credibility of the victim, we cannot say beyond a reasonable doubt that the admission of the *631 collateral crime evidence did not affect the jury's verdict.
In sum, the admission of the victim's brother's testimony was error because the State failed to satisfy the second prong of the Saffor test; that is the State failed to show some additional similarities between the victim's and the brother's incidents of abuse. Furthermore, the admission of such testimony is presumed harmful. Here, the admission of the brother's testimony was reversible error because this case turned on the credibility of the victim, and we cannot say that the admission of the brother's testimony did not affect the jury's verdict.
REVERSED AND REMANDED.
DELL, GUNTHER and KLEIN, JJ., concur.