818 So.2d 580 (2002)
William Douglas FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1985.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Rehearing Denied June 10, 2002.
*581 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
*582 Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
William Douglas Freeman appeals his judgment and sentence after a jury found him guilty of attempted sexual battery on a child.[1] Freeman alleges that the trial court erred by failing to give his requested "Date of Crime" instruction to the jury, denying his request to re-depose a Williams'[2] rule witness, admitting Williams' rule evidence, and by imposing a judicially vindictive life sentence.

"Date of Crime" Jury Instruction
The information charged Freeman with capital sexual battery on a child under twelve years of age, section 794.011(2)(a), Florida Statutes (1999), between September 28, 1993 and September 28, 1995. During this period, the victim was between five and eight years old. Seeking to narrow the interval during which the alleged crime took place, Freeman obtained a bill of particulars. However, the State was unable to specify a narrower time interval in its response.
The trial took place in the year 2000 and the victim, then twelve years old, stated several times that she did not remember the exact date that the battery took place because she was not good at remembering dates, but that she was sure that it happened when she was seven years old. During cross-examination she admitted making previous statements that the battery took place when she was five, when she was seven, and still another time when she was nine. The victim's father testified that Freeman was his younger brother and often visited him between 1993 and 1997 at the site where the victim said the battery took place. In fact, Freeman lived there for three weeks during this time.
Freeman requested that the trial judge instruct the jury in accordance with "Florida Standard Jury Instructions in Criminal Cases 3.02, Date of Crime," which provides: "The State must prove that the crime was committed [date] [time] [place]." The directions to the trial judge accompanying the form of instructions state: "Give if statement of particulars filed." The form also includes a "Note to Judge: when applicable, instruct on statute of limitations or on fact that crime need not be committed on date stated in charge." The trial judge refused to give the instruction to the jury, citing Tingley v. State, 549 So.2d 649 (Fla.1989) for the proposition that the State only had to prove that the crime was committed within the applicable statute of limitation and before the return date of the indictment and that the defendant was neither surprised nor hampered in preparing a defense.
In Tingley, the defendant was charged with sexual battery on a minor between April 1, 1982 and September 30, 1982. Responding to the defense's motion for a bill of particulars, the State filed four responses setting forth different dates. The child victims were originally unclear as to the dates of the battery, but finally placed the date within the response of the last bill of particulars. The defendant contended that the last bill of particulars was an impermissible amendment which voided the indictment. The court held that time is not ordinarily a substantive part of an indictment or information and there may be a variance between the dates proved at trial and those alleged in the indictment or information as long as: (1) the crime was *583 committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing his defense.
The trial court was correct in its reliance upon Tingley which made clear that while time is an important part of the charging document, it is not a substantive element of the crime of sexual battery of a minor. Here, the State presented evidence of the crime through the testimony of a minor victim who was unable to specify the exact date of the crime, but who was able to testify that it occurred before she was 12 years old, before the return date of the charging document and within the limitations period at that time. Additionally, Freeman (1) never indicated to the court that he was prejudiced by the victim's testimony, and (2) never objected to any testimony as to possible dates of the battery outside of the parameters stated in the bill of particulars. The trial court was within its discretion when it refused to instruct the jury with this instruction which was inappropriate for the crime charged.

Deposition of Williams' Rule Witness
The State obtained an order allowing introduction of similar fact evidence pursuant to Williams v. State, 110 So.2d 654 (Fla.1959), codified as, section 90.404(2)(a), Florida Statutes. Freeman had examined the witness twice before, once telephonically and again at the first trial of the instant case that ended in a mistrial. The witness had been Freeman's five-year old nephew, the victim when Freeman faced sexual battery charges fifteen years earlier.
Matters relating to granting or limiting discovery rest within the sound discretion of the trial judge. Woodson v. State, 739 So.2d 1210, 1211 (Fla. 3d DCA), rev. denied, 749 So.2d 505 (Fla.1999) (citing State v. Kuntsman, 643 So.2d 1172, 1173 (Fla. 3d DCA 1994); Gray v. State, 640 So.2d 186, 191 (Fla. 1st DCA 1994)). Rule 3.220(h), Florida Rules of Criminal Procedure, provides that "no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown." Our review of the record indicates that the trial court carefully considered Freeman's arguments supporting his request to re-depose the witness and in a reasoned decision, denied the request without abusing its discretion.

Admission of Williams' Rule Evidence
Freeman filed a supplemental brief with this court's consent after the decision in Pastor v. State, 792 So.2d 627 (Fla. 4th DCA 2001) was released while the instant appeal was pending. Pastor addressed the issue of whether Williams' rule evidence was admissible when the collateral crime involved a victim who was of a different sex than the victim of the sexual assault in the primary case. The Pastor victim was a five-year old female and the collateral evidence involved an eleven-year old male. The trial court's admission of the collateral evidence was found to be error because the State failed to satisfy the second prong of the test established in Saffor v. State, 660 So.2d 668 (Fla.1995). Saffor requires the trial court to apply the following two-prong test before collateral crime evidence may be admitted in sexual abuse cases occurring within a familial context: (1) both the charged offense and the collateral offense must occur within the family setting, and (2) there must be an additional showing of similarity between the incidents in order for the collateral crime evidence to be admissible. The first prong in the instant case was clearly satisfied, however Freeman argues that there was not a sufficient showing of similarity *584 between incidents to warrant the admission of collateral crime evidence here. We disagree. Although the victims in the instant case were of different sex, sex played no part in Freeman's selection of victims. He engaged in anal sex with both victims while he was babysitting them. His niece was approximately seven-years old while his nephew was five, and the acts against both took place in each of the victims' homes. The trial court did not err in finding the existence of similarity between the incidents.

Vindictive Sentence
The State made an offer to Freeman prior to trial to enter a guilty plea and accept a 40-year prison term. The trial court imposed a sentence of life as an habitual felony offender after a jury found him guilty of the lesser included offense of attempted capital sexual battery. Freeman asserts that the imposition of a longer sentence after trial than was offered prior to trial raises a presumption of vindictiveness.
A review of the pre-trial plea offer indicates that the court did not participate in negotiating the plea when the State offered 40 years in the Department of Corrections if Freeman pled guilty. When advised of the offer, the court informed Freeman that the charge carried a mandatory life sentence. Freeman acknowledged that he understood, but was declining the State's offer. The State then declared that even if Freeman was convicted of any lesser-included offense, it would file a notice of enhancement as an habitual felony offender. Freeman also acknowledged his understanding of that possibility. Upon being convicted of the lesser-included offense of attempted sexual battery, the State filed its enhancement notice with supporting prior judgments and sentences. The court subsequently found Freeman to be an habitual felony offender and imposed a life sentence. These facts and circumstances surrounding the plea offer and the sentencing hearing do not support Freeman's contention that the court was vindictive in sentencing him to life. Accordingly, the trial court appropriately sentenced Freeman in accordance with section 775.084(4)(a)1, Florida Statutes.

Conclusion
We find no error in the trial court's refusal to instruct the jury as requested, in denying the request to re-depose a witness, in admitting evidence of a collateral crime or in imposing a life sentence as an habitual felony offender. The judgment and sentence are affirmed.
AFFIRMED.
COBB, SHARP, W. and PETERSON, JJ., concur.
NOTES
[1] Fla. Stat. §§ 794.011(2)(a) and 777.04 (1999).
[2] Williams v. State, 110 So.2d 654 (Fla.1959).