WARNER, J.
Appellant raises three issues in this appeal from his convictions for sexual battery and lewd assault. He first claims that the court erred in denying his motion for judgment of acquittal on the lewd assault charge because the corpus delicti was not established before his confession was admitted. However, he failed to object to the admission of the confession on that ground, and his motion for judgment of acquittal did not alert the trial court to this argument. Thus, it is not preserved for appeal. See J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998).
Second, he argues that the court erred in failing to grant a mistrial when the child victim referred to additional, uncharged, and previously undisclosed acts of sexual intercourse. While generally implicating a defendant in other crimes is presumptively prejudicial, see Pastor v. State, 792 So.2d 627, 630-31 (Fla. 4th DCA 2001), where the testimony is unsolicited, inadvertent, and isolated, a trial court is not required to declare a mistrial. See Rivera v. State, 745 So.2d 343, 344-45 (Fla. 4th DCA 1999). That is the case with the inadvertent testimony from the child victim in this case.
Finally, appellant maintains that the court erred in denying his motion to strike the venire after many of the members revealed that they had been victims of sexual abuse as children. A trial court’s decision on whether to dismiss a venire panel is reviewed for an abuse of discretion. See Brower v. State, 727 So.2d 1026, 1027 (Fla. 4th DCA 1999). While there were many members of the panel who expressed reservations about serving on this jury because of the nature of the charges, many others indicated an ability to be impartial even after hearing the other member’s personal experiences. We cannot conclude that the trial court abused its discretion in this case. See Bauta v. State, 698 So.2d 860, 861-62 (Fla. 3d DCA 1997).
Affirmed.
FARMER and TAYLOR, JJ., concur.