THOMPSON, J.
David Hackett appeals his convictions for two counts of sexual battery and two counts of lewd or lascivious molestation. We affirm.
Hackett was convicted of sexually abusing his 11-year old son and contends that the court erred in admitting the testimony of Hackett’s 23-year old daughter, the victim’s half-sister, that Hackett similarly abused her. The victim, who lived with his mother, testified that shortly after he arrived at Hackett’s residence for a visitation, Hackett fondled the victim’s penis, put his penis into the victim’s mouth, and sexually battered him anally. About a month later, the victim told his mother. Hackett’s daughter testified that when she was eleven, Hackett regularly had oral, anal, and vaginal sex with her during the nine months she lived with him. She testified that she had reported the abuse, but that no one believed her. During a taped conversation with a police detective, Hack-ett admitted abusing the daughter. He initially denied abusing the son, but admitted it after being told that forensic evidence supported the son’s allegations. Hackett’s description of one act committed on the son matched the detail given by the son at trial.
Collateral crime evidence is admissible if both the charged offense and the collateral offense occur within a family setting, and there is some showing of similarity in addition to the fact that the crimes occurred in the family setting. Saffior v. State, 660 So.2d 668, 672 (Fla. 1995).[1] The necessary additional showing *674 of similarity will vary depending on the facts of the case and must be determined on a case-by-case basis. Id. The standard of review is abuse of discretion. Shipman v. State, 668 So.2d 313, 315 (Fla. 4th DCA 1996). In Freeman v. State, 818 So.2d 580 (Fla. 5th DCA 2002), we held that similar fact evidence was properly admitted:
Freeman argues that there was not a sufficient showing of similarity between incidents to warrant the admission of collateral crime evidence here. We disagree. Although the victims in the instant case were of different sex, sex played no part in Freeman’s selection of victims. He engaged in anal sex with both victims while he was babysitting them. His niece was approximately seven-years old while his nephew was five, and the acts against both took place in each of the victims’ homes. The trial court did not err in finding the existence of similarity between the incidents.
Id. at 583-584. In the instant case, as in Freeman, the victim and the collateral crime witness suffered the same acts of abuse at the same age in similar settings. An added similarity in the instant case is that both the victim and the collateral crime witness were the defendant’s biological children.
Finally, we conclude that the collateral crime evidence did not become a feature of the trial and that any abuse of discretion on the part of the trial court in admitting the evidence was harmless in light of Hackett’s confession.
AFFIRMED.
PALMER and MONACO, JJ., concur.

. Effective July 1, 2001, after the date of the alleged crimes in this case, section 90.404, Florida Statutes, was amended, and, to the extent the amendment is procedural, it was adopted in In re Amendments to the Florida Evidence Code, 825 So.2d 339, 341 (Fla.2002). The amendment creates new paragraph (b) allowing for the admission of evidence of oth *674 er crimes, wrongs, or acts of child molestation when a defendant is charged with a crime involving child molestation and provides that such evidence may be considered for its bearing on any matter to which it is relevant.